No. 10,635.

## DYER v. THE STATE.

CRIMINAL LAW.—*Affidavit and Information.— Variance.*—In a prosecution by affidavit and information for a misdemeanor, the information must be supported by an affidavit charging the same offence as that described in the information, and, therefore, where the affidavit upon which the information is based charges that the offence was committed on the 24th day of December, 1881, and the offence described in the information is alleged to have been committed on the 24th day of January, 1881, a motion to quash should be sustained.

SAME.—*Amendment.—Practice.*—An information, after a motion to quash has been made in the trial court, can not be amended in the Supreme Court.

SAME.—*Motion to Quash.*—It is not necessary, upon a motion to quash, to state to the trial court the specific objections to the affidavit and information.

From the Morgan Circuit Court.

*G. A. Adams, L. Ferguson, J. S. Newby* and *H. A. Smock,* for appellant.

*F. T. Hord,* Attorney General, *J. D. Alexander,* Prosecuting Attorney, *W. R. Harrison* and *W. E. McCord,* for the State.

ELLIOTT, J.—The affidavit, upon which the information professes to be based, charges that the misdemeanor of which appellant was convicted was committed on the 24th day of December, 1881, and the offence described in the information is alleged to have been committed on the 24th day of January, 1881. The appellant contends that his motion to quash should have been sustained.

Informations must be supported by an affidavit and must charge the same offence as that described in the affidavit. An information charging a distinct and different offence from that stated in the affidavit can not be upheld.

It is difficult, if not impossible, to discover any ground upon which it can be held that an offence committed in January is the same as one committed in the following December. It would be a wide stretch of construction which would declare a misdemeanor perpetrated in December to be the same as one committed in the preceding January. The offence described in the information was committed, taking as true, as it is our duty to do, the statements of the information, eleven months prior to the one described in the affidavit. We are unable to perceive any reason which will justify us in treating the two offences as one. The question is not, however, barren of authority. *Williamson* v. *State*, 5 Texas App. 485, and *Hoerr* v. *State*, 4 Texas App. 75, are directly in point in favor of the appellant. In our own case of *Mount* v. *State*, 7 Ind. 654, it was said that the information must allege the same person and offence as the affidavit.

It is urged that no specific objection was pointed out to the court below by the motion to quash, and that the objections now made should not be entertained. This point is settled against the contention of the State. *Davis* v. *State*, 69 Ind. 130. It is not necessary that the motion to quash should specifically state the grounds of objection. It seems to us that the argument of the State upon this point is a forcible and sound one, but that it should be addressed to the Legislature rather than to the court; for if there is to be any

change in the law it must be made by the law-making branch of the government. It is no doubt true that justice would be subserved by requiring the motion to quash to point out the specific grounds of objection, but it is for the Legislature, and not the courts, to add that requirement to the provisions of the statute.

The amendment of the information might have been made in the court below, but it can not be made on appeal. Where a motion to quash is interposed, there is no right to amend the information after the case gets into the appellate court. *Keiser* v. *State*, 78 Ind. 430.

Judgment reversed.