Trout v. The State.

No. 13,380.

## TROUT v. THE STATE.

CRIMINAL LAW.—*Affidavit and Information.*— *Variance Between, as to Date of Offence.*—*Clerical Error.*—*Uncertainty.*— *Motion to Quash.*--The affidavit charged that the offence was committed October 21st, 1885. The information charged that it was committed October 21st, 1886. The affidavit was sworn to January 16th, 1886, and both affidavit and information were filed on the latter date.

*Held,* that the date as given in the information is a mere clerical error, and in the absence of a motion to quash for uncertainty, the error is not available on appeal, as it did not prejudice the substantial rights of the defendant.

SAME.—*Arrest of Judgment.*—A motion in arrest of judgment will not be sustained for mere defects or uncertainties in a criminal pleading.

From the Sullivan Circuit Court.

*J. T. Hays, H. J. Hays, J. C. Briggs* and *W. C. Hultz,* for appellant.

*F. T. Hord,* Attorney General, *S. W. Axtell,* Prosecuting Attorney, *J. W. Shelton* and *J. S. Bays,* for the State.

HOWK, C. J.—Upon affidavit and information, the appellant herein was prosecuted, tried by a jury and found guilty of an assault and battery, with intent to commit rape, upon one Augusta Folske, and his punishment was assessed at imprisonment in the State prison for the term of seven years, and a fine in the sum of $400. Over his motion in arrest, the court rendered judgment against appellant, upon and in accordance with the verdict of the jury.

The overruling of his motion in arrest of judgment is the only error assigned here by the appellant.

This motion was in writing, and the appellant assigned therein the following causes, for the arrest of judgment, namely:

" 1. Because the facts stated in the information do not constitute a public offence under the laws of Indiana.

" 2. Because the information is not supported by a good

affidavit, charging the same offence stated and charged in the information.

"3. Because the affidavit and information, in this cause, do not charge the same offence.

"4. Because the information alleges that the offence was committed on October 21st, 1886, and the affidavit charges an offence as having been committed on October 21st, 1885.

"5. Because the dates in the affidavit and information, fixing the time at which the said offence is alleged to have been committed, are different dates."

It will be readily seen from these written causes, that appellant's motion in arrest was predicated solely upon the fact, apparent in the record, that while the affidavit charged that the offence was committed on the 21st day of October, 1885, the information charged that it was committed on the 21st day of October, 1886. It is shown by the record that the affidavit was sworn to by the prosecuting witness on the 16th day of January, 1886, and that, on the same day, such affidavit and the information founded thereon were both filed in the court below. The information shows upon its face, that it was intended to charge the appellant therein and thereby with the commission of a past offence, and the same offence whereof the prosecuting witness, "Augusta Folske, has this day complained on oath." Construing the affidavit and information as constituting a single criminal charge, and taking into consideration the date of the filing as heretofore stated, it seems clear to us that the use of the figures 1886, in the charging part of the information, is a palpable clerical error, and that the date of the commission of the offence charged was correctly stated in the affidavit, but not in the information. The utmost that can be said, however, of the legal effect of the difference between the dates given of the commission of the offence, in the affidavit and in the information, is, that the written charge of such offence was not sufficiently certain. "That the * * * information does not state the offence with sufficient certainty," is the *fourth* statutory cause

for which a defendant may move to quash an information. Section 1759, R. S. 1881. If the appellant had moved the trial court to quash the information in this case, it would have been error, under our decisions, to have overruled such motion. *Dyer* v. *State*, 85 Ind. 525; *Murphy* v. *State*, 106 Ind. 96.

In the case in hand, however, no motion to quash the information was made by the appellant; but after trial and the verdict of a jury finding him guilty of the offence charged, he sought to avail himself of the technical defects and uncertainties in the affidavit and information, resulting clearly from a merely clerical error, by his motion in arrest of judgment. This he can not do, we think, under our law. Our statute provides, that a motion in arrest may be granted by the court, in a criminal case, for either of the following causes: 1. Where the offence charged is not within the jurisdiction of the court; and 2. Where the facts stated in the indictment or information do not constitute a public offence. Section 1843, R. S. 1881. In this case, there is no pretence that the offence charged was not within the jurisdiction of the trial court; but it is claimed that the facts stated do not constitute a public offence, solely, however, because of the clerical error in the date of the offence as stated in the information. We are of opinion that there was no defect, imperfection or uncertainty in the affidavit and information in this cause, which could possibly tend to the prejudice of the substantial rights of the appellant upon the merits; and surely it can not be claimed that the facts stated, in such affidavit and information, did not constitute a public offence. For mere defects or uncertainties in a criminal pleading, a motion in arrest will not be sustained. This is settled by our decisions. *Greenley* v. *State*, 60 Ind. 141; *Bright* v. *State*, 90 Ind. 343; *Graeter* v. *State*, 105 Ind. 271.

In section 1891, R. S. 1881, it is provided as follows: " In the consideration of the questions which are presented upon an appeal, the Supreme Court shall not regard technical errors

or defects or exceptions to any decision or action of the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant."

This section of the statute prescribes the rule which should govern this court in the consideration of all appeals in criminal causes. Applying this rule to the case in hand, we are forced to the conclusion that there are no errors, defects or exceptions, in the record of this cause, which could or did prejudice the substantial rights of the appellant; and in such case, of course, the statute requires us to affirm the judgment below. *Clayton* v. *State*, 100 Ind. 201; *Padgett* v. *State*, 103 Ind. 550; *Henning* v. *State*, 106 Ind. 386.

The judgment is affirmed, with costs.

