Rubush v. The State.

No. 13,930.

RUBUSH v. THE STATE.

RECOGNIZANCE.—*Forfeiture.—Action on.—Complaint.—Pleading.*—A complaint in an action on a forfeited recognizance, which alleges that the recognizance was adjudged by the court to be forfeited, and the forfeiture duly entered of record, is sufficient without an additional averment that the surety was called and required to bring in the body of his principal.

SAME.—*Forfeiture May be Adjudged on Later Day of Term than Named in Recognizance.—Practice.*—Where a recognizance is conditioned that the principal shall appear on the first day of the next term of the circuit court, and abide the orders of court therein, and where the cause is continued and set down, for trial at a subsequent day in the term, the court may, on such latter day, legally adjudge the forfeiture of such recognizance, as to both principal and surety, upon the failure of the former to appear and answer.

SAME.—*Action on.—Defence.—Alteration of Indictment.*—In an action upon a forfeited recognizance, an answer which avers that the indictment against the principal therein was returned in January, 1887; that such indictment charged him with the commission of a felony in December, 1887; that after a plea of not guilty thereto, the same, without the knowledge of either principal or surety, was changed and altered by the prosecuting attorney by the erasure of the figure 7 in the year 1887, so as to make the same read "1886," is bad on demurrer. Such alteration would not affect the validity of the indictment, nor vitiate the warrant issued thereon or the recognizance executed by the prisoner.

SAME.—*Evidence.*—In an action on a forfeited recognizance, where, in the original proceeding, a *nolle prosequi* had been entered to the indictment, and the prosecuting attorney had been ordered by the court to prepare and file an information against the defendant, charging him with the offence described in the indictment, the affidavit and information so prepared are competent evidence.

RECORD.—*Collateral Attack.—Complaint.*—A record can not be impeached collaterally by the allegation of matters *dehors* the same, unless the complaint states what is shown by the record in relation to such matters.

From the Knox Circuit Court.

*W. A. Cullop, G. W. Shaw* and *J. T. Goodman,* for appellant.

*L. T. Michener,* Attorney General, *J. C. Adams,* Prosecuting Attorney, and *J. H Gillett,* for the State.

HOWK, J.—This was a suit by and in the name of the State of Indiana, as plaintiff, against the appellant and one Jacob Rubush, as defendants, upon a forfeited recognizance. The cause was put at issue and tried by the court, and a finding was made for the State against appellant in the full amount of the bond in suit. Over motions for a new trial and in arrest, the court rendered judgment upon and in accordance with its finding herein.

By an assignment of error that the State's complaint does not state facts sufficient to constitute a cause of action, and by another error predicated upon the overruling of his motion in arrest of judgment, appellant challenges here the sufficiency of such complaint.

The State alleged in its complaint that, at the January term, 1887, of the court below, the grand jury of Knox county returned into open court an indictment against defendant Jacob Rubush, charging him with an assault and battery upon Cora Barton, with intent to forcibly commit a rape upon her, and against her will; that, upon a warrant issued thereon, defendant Jacob Rubush was arrested by the sheriff, and, to procure his release from imprisonment, he executed his recognizance, with appellant, George A. Rubush, as his surety, whereby they each acknowledged themselves to owe the State of Indiana five hundred dollars, conditioned to be void if defendant Jacob Rubush should appear to such indictment on the first day of the next term, and abide the orders of court therein; that such recognizance was executed in open court, and accepted and approved by the court, on the 9th day of February, 1887; that defendant Jacob Rubush was then and there released from the custody of the sheriff; that, on the first day of the March term, 1887, said cause was continued to, and set down for trial on, the 15th day of March, 1887, on which day defendant Jacob Rubush did not appear; whereupon, by order of the court, defendant Jacob Rubush was three times called, but came not and made default; that said recognizance was, by the court, then

and there forfeited, and the forfeiture thereof duly entered of record; and that no part of the amount due on said recognizance had been paid. Wherefore, etc.

Appellant did not demur to the complaint herein for any cause, but he questions the sufficiency of the facts stated therein, after the trial and finding of the court, by his motion in arrest, and, after his appeal to this court, by his assignment here as error that such facts were not sufficient to constitute a cause of action.

It is first insisted by appellant's counsel that the complaint is bad, because it fails to show by any of its averments that appellant was called and required to bring in the body of his principal, Jacob Rubush, or that he had made default in performing the conditions of the recognizance. This point is not well taken. It was alleged in the complaint that the recognizance was adjudged by the court to be forfeited, and the forfeiture thereof duly entered of record. With this averment of forfeiture therein, the complaint would have been sufficient even if appellant had demurred thereto for the want of facts, and it is good without doubt when questioned, as it was, for the first time, by his motion in arrest of judgment. The averment that the recognizance was by the court then and there forfeited, and the forfeiture thereof duly entered of record, necessarily " implies that the proper steps authorizing such forfeiture had been taken." *Gachenheimer* v. *State*, 28 Ind. 91; *Fowler* v. *State*, 91 Ind. 507; *Friedline* v. *State*, 93 Ind. 366.

In Moore's Criminal Law, section 237, it is said that in a complaint upon a forfeited recognizance, it is necessary to aver that the surety therein had been called and made default. Moore says: " It (the complaint) must show that the principal was three times called, and then made default, and that the bail was also three times called upon to bring the body of his principal into court in discharge of his recognizance, and made default therein, and that thereupon the bond was declared forfeited in due form of law. A complaint that

omits to aver such forfeiture is bad." In support of the text the learned author has cited the following cases from our own reports, which are also cited in the brief of appellant's counsel in support of their contention, namely : *Patterson* v. *State*, 12 Ind. 86 ; *Kiser* v. *State*, 13 Ind. 80; *Hawkins* v. *State*, 24 Ind. 288 ; *Gachenheimer* v. *State, supra ; Hannum* v. *State*, 38 Ind. 32.

Upon examination of the cases last cited, it will be found, we think, that none of them go further than to hold, as we do, that the complaint in such a cause must allege the forfeiture of the recognizance by the proper court. This allegation, of itself, " implies that the proper steps authorizing such forfeiture had been taken." *Friedline* v. *State, supra.*

It is further claimed on behalf of appellant that the complaint herein was bad on his motion in arrest, because, while the recognizance was conditioned that Jacob Rubush should appear on the first day of the next term of the court below, which we know judicially was the 7th day of March, 1887, yet the complaint shows on its face that the recognizance was not forfeited by the court until the 15th day of March, 1887. In other words, it is claimed by appellant's counsel that the recognizance in suit could be forfeited only " on the first day of the next term," and not afterwards. This position can not be maintained. The recognizance was conditioned not only for the appearance of Jacob Rubush to such indictment on the first day of the next term, but also that he should " abide the orders of court therein." When, therefore, on the first day of the next term, " the cause was continued to, and set for trial on, the 15th day of March, 1887," by the order of the court, Jacob Rubush and his surety were bound, by the terms of the recognizance, that he should abide such order of court and appear to such indictment on the day last named ; and when, on that day, he failed to appear, and made default, the court lawfully adjudged the forfeiture of such recognizance, as well against appellant, the surety therein, as against the principal, Jacob Rubush. *State* v. *Thompson*, 62

Ind. 367 ; *Fowler* v. *State, supra.* The complaint herein was amply sufficient, we think, to withstand either of the assigned errors whereby appellant has here challenged its sufficiency.

By several specifications of error, appellant calls in question here the decisions of the trial court in sustaining the State's demurrers to the second and third paragraphs of his answer herein. The first paragraph of his answer was a general denial of the complaint; and in each of the other two paragraphs of answer, he alleged special matters in bar of the State's cause of action herein. In the second paragraph of his answer, appellant admitted that at the January term, 1887, of the court below, an indictment was duly returned in court charging his co-defendant herein, Jacob Rubush, with an assault and battery upon one Cora Barton, with intent to commit a rape upon her, forcibly and against her will; that by virtue of a warrant, issued on such indictment, the sheriff of Knox county arrested said Jacob Rubush, and to procure his release from the custody of the sheriff, under such arrest, he and appellant, as his surety, executed the recognizance counted on in the State's complaint, on the 9th day of February, 1887, and Jacob Rubush was then released from custody; that, on the first day of the ensuing March term of such court, said cause was continued to, and set down for trial on, the 15th day of the March term, 1887, on which day Jacob Rubush did not appear in court to answer such indictment, nor to abide the order of the court thereon; and that thereupon, on the same day, such recognizance was by the court declared forfeited, and such forfeiture was duly entered of record, and the amount thereof was unpaid.

Appellant then set out, in such second paragraph of his answer, a copy of the indictment against Jacob Rubush, returned and filed in the court below on the 14th day of January, 1887, with all the endorsements thereon. The only object of the pleader, in setting out these copies, manifestly was to show that the indictment charged that Jacob Rubush committed the felony alleged therein, "on the 29th day of

December, 1887," a day which had not then arrived, and is yet in the future.

After setting out these copies, appellant averred that, after said indictment was so returned and filed as aforesaid, Jacob Rubush, the principal in the recognizance in suit, was arrested, and, on the — day of ——, 1887, upon arraignment on such indictment in court, for plea thereto said that he was not guilty as therein charged; that, after such plea was entered, on the — day of ——, 1887, said indictment was, without the knowledge or consent of Jacob Rubush or of appellant, and without order or leave of court, and without having been returned to the grand jury, changed, altered and amended by the prosecuting attorney, with the consent of the attorneys of Jacob Rubush, in this, namely: The date on which the offence was charged to have been committed in the indictment, to wit, the year "1887," was changed, altered and amended so as to read and be "1886," as it then appeared in said indictment, by erasing the final figure "7" and inserting in its place the figure "6." Wherefore appellant said he undertook, by the recognizance sued upon, that his co-defendant, the principal obligor, should appear in the court below and answer the charge preferred by the grand jury in said indictment; and that such indictment, as so returned, did not charge any offence known to the law, in that it charged Jacob Rubush with assault and battery, with intent to commit rape, at a time which had not come to pass when such indictment was so returned.

We are of opinion that the trial court did not err in sustaining appellee's demurrer to this second paragraph of answer. The indictment against Jacob Rubush, for the felony therein charged, was by no means a nullity by reason or on account of the palpable clerical error therein in charging the date of the commission of the offence. The whole scope and tenor of the indictment, and its grammatical construction, clearly show, and conclusively so, we think, that the grand jury intended to charge and did charge Jacob Rubush

therein with a felony by him committed prior to the finding and return of such indictment and the filing thereof in the court below. If he had gone to trial upon his plea of not guilty, and the evidence had shown that he committed the offence charged at any time within two years before the return and filing of the indictment herein, it is well settled that such an indictment, notwithstanding the palpable error in the date charged as the date of the commission of the offence, would be sufficient to sustain a judgment of conviction, even over a motion in arrest and error assigned thereon. Of such an error in the date of the commission of the offence charged, the very utmost that can be correctly said is, " That the indictment or information does not state the offence with sufficient certainty." This is the *fourth* statutory cause for quashing an indictment or information. Section 1759, R. S. 1881; *Dyer* v. *State*, 85 Ind. 525; *Murphy* v. *State*, 106 Ind. 96; *Trout* v. *State*, 111 Ind. 499.

Uncertainty in the statement of the offence charged, either in an indictment or in an information, whether caused by errors or discrepancies in dates or otherwise, affords no ground whatever for arresting judgment thereon. *Greenley* v. *State*, 60 Ind. 141; *Bright* v. *State*, 90 Ind. 343; *Graeter* v. *State*, 105 Ind. 271; *Trout* v. *State*, 107 Ind. 578.

The alleged alteration of the indictment, in changing the date of the commission of the offence charged therein, did not, we think, affect the validity of such indictment, nor vitiate the warrant issued thereon, or the recognizance executed to secure the release of Jacob Rubush from the custody of the sheriff under such warrant. If such change of date was authorized (and it does not appear that any one objected or excepted thereto in the court below), it can not be complained of here and in this cause.

It is alleged that the change of date was made without the knowledge or consent of the recognizors; but, for aught that is stated to the contrary in such paragraph of answer,

the record of that cause may show that such change was made with the knowledge and consent, and by the express authority, of both the recognizors.    It is settled by our decisions that a record can not be impeached collaterally, by the allegation of matters *dehors* the same, unless the complaint states what is shown by the record in relation to such matters.    *Reid* v. *Mitchell*, 93 Ind. 469 ; *Dowell* v. *Lahr*, 97 Ind. 146 ; *Exchange Bank* v. *Ault*, 102 Ind. 322.

But if the alleged alteration of the indictment, in changing the date of the offence charged therein, was wholly unauthorized, then the alteration is at most a mere spoliation of the indictment, which can not affect its validity, nor vitiate the recognizance executed to secure the release of the defendant from custody thereunder.    Such spoliation of the indictment did not release the defendant from the charge therein, and, surely, did not release the recognizors from liability on their recognizance executed thereunder.    *State, ex rel.*, v. *Berg*, 50 Ind. 496 ; *Harris* v. *State, ex rel.*, 54 Ind. 2 ; *Brooks* v. *Allen*, 62 Ind. 401.

The demurrer to the second paragraph of answer was correctly sustained.

In the third paragraph of his answer appellant alleged that, on the 15th day of March, 1887, and before the forfeiture of the recognizance in suit, Jacob Rubush, by his counsel, moved the court below, after having withdrawn his former plea of not guilty, to quash that part of the indictment which sought to charge him with the felonious intent therein mentioned, for defects apparent on the face of such indictment, which motion was sustained; that, during the pendency of such motion, the prosecuting attorney, with leave of the court, entered a *nolle prosequi* to the indictment so remaining, which charged only a misdemeanor, to wit, an assault and battery, and asked leave of the court to file thereafter an affidavit and information charging said Jacob Rubush with the same felony theretofore charged against him in said indictment; that in the afternoon of the same day, long after the aforesaid proceed-

ings on said indictment had been had by the court and duly entered in its minutes on the judge's docket, the prosecuting attorney filed in court said affidavit and information, charging Jacob Rubush with the commission of the aforesaid felony, and thereafter, on the same day, the recognizance in suit was forfeited by the court, as alleged in the State's complaint herein; that at the time of the *nolle* of said indictment as aforesaid, in the forenoon of the 15th day of March, 1887, the defendant Jacob Rubush was not in court in person, and the court made no order for him to remain in custody or on bail until the prosecuting attorney preferred in court another charge against him; that, at the time of the forfeiture of the recognizance sued upon, as alleged in the complaint herein, there was no such charge against Jacob Rubush as he was required by such recognizance to appear in court and answer, and there was no order of court requiring him to remain under bond after the quashing and *nolle* of said indictment as aforesaid, and by its terms he was then and there fully released and relieved from the penalty thereof; and that appellant, as the surety of said Jacob, ought to be released from, and was not liable for, the penalty of such recognizance, as the indictment under which it was taken had been fully disposed of by due process of law in the court below, and the State had dismissed its said prosecution against said Jacob Rubush. Wherefore, etc.

It needs no argument, we think, to show that the trial court committed no error in sustaining the State's demurrer to the third paragraph of appellant's answer herein, the substance of which we have given. In such paragraph of answer, appellant attacks collaterally the validity of the judgment below declaring the forfeiture of the recognizance in suit, and seeks to have such judgment reviewed and set aside.

It nowhere appears in the third paragraph of answer that the recognizors, or either of them, objected or excepted to any of the proceedings of the court which preceded and led

to the adjudication of forfeiture, or that they, or either of them, moved the court to modify or set aside such adjudication. It was not shown, therefore, that the errors, if any there were, in such proceedings and judgment were so saved in and presented by the record of such adjudication of forfeiture as that the recognizors, or either of them, can be relieved therefrom, either by an appeal or by bill of review. In rendering such adjudication the court below had jurisdiction as well of the parties as of the subject-matter; and for aught that is alleged to the contrary in the third paragraph of answer, such adjudication was, and must be held to be, whether erroneous or not, final and conclusive as to all matters which were, or might have been, then litigated. *State, ex rel.,* v. *Berg, supra; Harris* v. *State, ex rel., supra; State* v. *Wenzel,* 77 Ind. 428.

Under the alleged error of the court in overruling appellant's motion for a new trial, his counsel insist that the court erred in admitting in evidence, over his objections, the affidavit and information against Jacob Rubush filed by the prosecuting attorney after he had entered a *nolle prosequi* to the indictment charging the same offence.

It is shown by the record that the admission of this evidence was objected to by appellant solely on the ground that it did not tend to prove anything under the issues in this cause; or, in other words, that it was not relevant to such issues. If this objection to the evidence were well taken, it would not authorize us to reverse the judgment below. The cases are few, if there be any, where the admission of irrelevant evidence would afford any sufficient ground for the reversal of the judgment, and especially so where, as' here, the issues of fact were tried by the court, and not by a jury. But, in this case, such affidavit and information were competent, and, as offered, were properly admitted in evidence. They were a part of the proceedings of the court in quashing part, and entering a *nolle* to the remainder, of the original indictment against Jacob Rubush; for such proceedings

were immediately followed by an order of court "that the prosecuting attorney prepare and file an information upon a proper affidavit, charging the defendant (Jacob Rubush) with an assault and battery upon the person of Cora Barton, with intent to commit a rape, as aforesaid."

The motion for a new trial was, we think, correctly overruled.

The judgment is affirmed, with costs.

Filed Nov. 15, 1887; petition for a rehearing overruled Dec. 21, 1887.