The State *v.* Patterson.

Judgment affirmed.

Filed Oct. 11, 1888.

No. 13,539.

THE STATE *v.* PATTERSON.

CRIMINAL LAW.—*Elections.—Voting More than Once.—Indictment.—Mistake in Charging Time of Commission of Offence.*—An indictment returned November 3d, 1886, charged that the defendant, on November 4th, 1886, the same being the day upon which the general election was held in Indiana for Governor, etc., as required by law, voted more than once, by intentionally handing to the inspector two ballots at the same time and place, which ballots were placed in the ballot-box by the inspector.

*Held,* that judicial notice will be taken that there was no election on November 4th, 1886, but that there was an election for Governor on November 4th, 1884, less than two years prior to the return of the indictment.

*Held,* also, that the indictment shows that it relates to a past transaction, and that as the averments are repugnant and time not of the essence of the offence, the imperfection in stating the time is not cause for quashing the indictment.

*Held,* also, that the indictment sufficiently charges a violation of the statute against voting more than once.

From the Hancock Circuit Court.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

*I. P. Poulson* and *W. F. McBane,* for appellee.

ZOLLARS, J.—Appellant is charged in the indictment with having voted more than once at the same election.

The charge as to the time is as follows :

" That said Jefferson C. Patterson, at said county, on the 4th day of November, 1886, the same being the day upon which the general election was then and there being held in said State of Indiana for the election of Governor, Lieutenant-Governor and the various other officers of said State, Representatives to the General Assembly of said State, Representatives to the Congress of the United States from said State, and also the various officers in the different counties in said State, as was then and there required and authorized by the law of said State, * * did," etc.

We have no means of knowing upon what grounds the court below quashed the indictment, except as indicated by the brief of counsel for the State.

As therein indicated, the ground was that the time at which the offence is charged to have been committed is an impossible date.

The indictment was returned on the 3d day of November, 1886. A part of the charge as to the time of the commission of the offence fixes it on the 4th day of November, 1886. If we are to look to that part of the charge alone, the case falls within the ruling in the case of *Murphy* v. *State*, 106 Ind. 96, where it was held that the statement of an impossible date is fatal to an indictment.

It is the duty of the courts, however, to consider the indictment as a whole in ascertaining the time charged as well as in construing other charges therein. This is especially so under our legislation, and more particularly under our more recent legislation.

The statute provides that an indictment is sufficient if it can be understood therefrom : *" Fifth.* That the offence charged is stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case." R. S. 1881, section 1755.

It is further provided that no indictment shall be deemed invalid, nor shall the same be set aside or quashed, nor shall

the trial, judgment, or other proceeding be stayed, arrested, or in any manner affected, for any of the following defects :

"*Sixth*. For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged. \* \* \*

"*Eighth*. For omitting to state the time at which the offence was committed in any case in which time is not the essence of the offence ; nor for stating the time imperfectly, unless time is of the essence of the offence. \* \* \*

"*Tenth*. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." R. S. 1881, section 1756.

This court has held that, under the above statutes, an indictment will not be bad because it contains no statement of the time at which the crime charged was committed, nor because the time may be stated imperfectly, unless time is of the essence of the offence. *State* v. *Sammons*, 95 Ind. 22.

The case before us, we think, falls within the ruling in the case last above cited, and so within the above statutes. It is charged that the offence was committed on the 4th day of November, 1886, as we have seen, which was one day after the return of the indictment. But immediately following that statement is this : " The same being the day upon which the general election was then and there being held in said State, \* \* for the election of Governor, \* \* \* as was then and there required and authorized by law."

This portion of the indictment, as well as other portions of it, has relation to a past transaction, and shows that the offence charged had been committed before the return of the indictment. In fixing the time and occasion, it is charged that the alleged illegal voting was upon the day of, and at, a general election fixed by law, and held for the election of a Governor. That charge necessarily fixes the time in the past.

The courts take judicial notice that the election in 1886 was on the 2d day of November, and could not take place

on the 4th day of that month. They also take judicial notice that there was an election for Governor on the 4th day of November, 1884, which was less than two years prior to the return of the indictment.

If the statement " on the 4th day of November, 1886," had been omitted from the indictment, we should then have an indictment charging that appellee voted illegally at a general election fixed by law, and held for the election of Governor. Such an indictment, we think, would clearly have been good under the above statutes, because, as before said, no time need be stated, and the courts take judicial notice that there was such an election within the time fixed by the statute of limitations.

The statement that the illegal voting was at an election for Governor, fixes the time in the past. The statement of the time as being on the 4th day of November, 1886, fixes it in the future. These statements are repugnant. But, as we have seen, the statute provides that no indictment shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment, or other proceedings be stayed, arrested, or in any manner affected, for any surplusage or repugnant allegations, when there is sufficient matter alleged to indicate the crime and person charged. *Myers* v. *State*, 101 Ind. 379; *State* v. *McDonald*, 106 Ind. 233. The indictment shows that the crime charged is illegal voting at an election for Governor.

The tense of the verbs in the indictment, and the several charges therein, taken as a whole, make it clearly appear that the offence charged was committed before the return of the indictment. On account of the repugnant averments, it may well be held that the time is imperfectly stated. Such an imperfection, as we have seen, is not a cause for quashing the indictment. It is a " defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

Looking to the indictment as a whole, it may reasonably be

said that " the offence charged is stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case."

A conviction upon the indictment would be a bar to another prosecution, because there was no election for Governor in 1886, and because the only election for Governor within the statute of limitations was in 1884. Indeed, since the adoption of the Constitution of 1851, up to the present time, there has been but one election for Governor in November, and that was on the 4th day of November, 1884.

Prior to 1884, and subsequent to the adoption of the Constitution of 1851, the elections for Governor were held in October. The constitutional amendment adopted in 1881 requires the election for Governor, as for other State and county officers, to be held in the month of November. The election held on the 4th day of November, 1884, was the first, and, so far, the only election for Governor under that amendment.

We have examined the indictment with reference to the one question discussed by counsel, and so far as that is concerned hold the indictment to be sufficient.

Judgment reversed, at appellee's costs.

Filed Jan. 25, 1887.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—The argument of appellee's counsel has received careful attention, but we are not able to find any valid reason for departing from our former opinion.

Courts take judicial notice of the time of holding elections for Governor, and they take notice, therefore, that the last election for that office, prior to the return of the indictment against the appellee, was held in November, 1884. As this fact is judicially noticed, the designation of the date of the election in the indictment as November 4th, 1886, is a mistake apparent on the face of the pleading, and we must disregard the erroneous designation of the date and act

upon what we judicially know was the actual date, and the date which the grand jurors meant to state in the indictment. The mistake is evident upon an inspection of the pleading, and, as said in the former opinion, when the whole indictment is considered, it is obvious that the most that can be justly affirmed is that the time is imperfectly stated. *State* v. *Little*, 6 Blackf. 267.

The indictment charges that the appellee "did then and there unlawfully, wilfully, purposely and feloniously vote more than once upon said day at said election for the officers aforesaid, by then and there unlawfully, wilfully, purposely and feloniously handing to Alexander K. Branham, the inspector of said election at the precinct aforesaid, two separate and distinct ballots at the same time and place, then and thereby intending to and indicating his vote for the officers aforesaid, which said ballots and votes were then and there accepted and placed in the ballot-box by said inspector."

The indictment shows that two votes were feloniously cast and were accepted, and this was a palpable violation of the law.

The law intends that a voter shall cast one vote, and no more. If he corruptly and purposely casts two ballots, he illegally votes twice. It is immaterial how he executes his corrupt purpose ; if he does vote twice, he is guilty of a crime. The question is not as to the means he used to effect his corrupt purpose, but whether he did effect it, for, if he did effect it, he illegally voted twice, and should be punished.

The question here is not one of evidence, but of pleading, and the motion to quash concedes the truth of the facts alleged, as does a demurrer in a civil action ; therefore the only thing for us to do is to apply the law to the admitted facts. This we do by holding that, as the appellee corruptly intended to vote twice, and as he accomplished this purpose by feloniously depositing two ballots, he violated the law, and must pay the penalty.

Petition overruled.

Filed Oct. 13, 1888.