## WHITE v. STATE.

(No. 776; Decided March 24th, 1915; 147 Pac. 171.)
(Rehearing denied May 10th, 1915.)

APPEAL AND ERROR — CRIMINAL LAW — INDICTMENT AND INFORMA-
TION—CHARGING TIME OF OFFENSE—IMPOSSIBLE FUTURE DATE—
SURPLUSAGE—DEFECTS CURED BY VERDICT—PRESUMPTIONS—RECORD
ON APPEAL—MOTION FOR NEW TRIAL—BILL OF EXCEPTIONS—DUE
PROCESS OF LAW.

1. An information charging that defendant on or about the
   12th day of August, 19013, did then and there * * * *
   purposely and with premeditated malice, kill and murder
   a named person, as to which information there was no
   motion to quash, demurrer, or motion to arrest, was not
   fatally defective after verdict and sentence, as under the
   provisions of Comp. Stats. 1910, Section 6165, the alle-
   gation of a future impossible date, as to the time of the
   commission of the crime, may be treated as surplusage,
   leaving allegations sufficient to charge homicide, since
   time was not of the essence of the offense and the re-
   maining allegations of the information imported a past
   transaction.
2. Where a judgment recites that defendant was informed by
   the court of his conviction and asked if he had anything
   to say why sentence should not be pronounced, and no
   good cause being shown, the court then pronounced sen-
   tence, it will be presumed that the information and inquiry
   required by Comp. Stats. 1910, Section 6254, was given
   and made by the court.
3. Errors assigned in a motion for a new trial will not be
   reviewed, unless the motion be incorporated in a Bill of
   Exceptions.

### ON PETITION FOR REHEARING.

4. A criminal complaint was filed with a Justice of the Peace
   charging defendant with the commission of a murder on
   August 13th, 1913, and on a preliminary hearing had
   thereunder, said Justice, as a committing magistrate, so
   found and defendant was ordered to be held for trial in
   the District Court. Thereafter an information charging
   defendant with the same murder, as having been com-
   mitted on August 12th, 19013, was filed, upon which he was
   tried, at which trial it was proven without objection, that
   the time of the homicide was August 13th, 1913; held,
   that in view of the provisions of Comp. Stats. 1910, Sec-

tion 6165, the date might be regarded as surplusage or as an imperfect statement of the time of the offense, time not being as of the essence of the offense and there being no question of limitation involved, the information was valid.

5. An imperfect statement of time or an allegation of a future impossible date in charging the time of the commission of an offense in a criminal information is a defect of form only, or a defect in the manner of charging the offense, where time is not of the essence of the offense, which may be objected to by a motion to quash. (Comp. Stats. 1910, Section 6186.)    Or accused may demur, if the facts stated do not constitute an offense punishable by the laws of the state (Comp. Stats. 1910, Section 6188), and the accused shall be taken to have waived all defects, which might have been excepted to by motion to quash, by demurring to an indictment or information, or pleading in bar, or not guilty.    (Id., Section 6190.) And where such waiver occurs, an application of the provisions of Comp. Stats. 1910, Section 6165, relating to charging the time of the offense will not constitute a denial to defendant of due process of law, as guaranteed by the fourteenth amendment to the Constitution of the United States.

ERROR to the District Court of Natrona County; HON. CHARLES E. WINTER, Judge.

Plaintiff in error, O. W. White, was convicted of the crime of murder in the first degree and brings error. The material facts are stated in the opinion.

*W. B. Holliday* and *R. H. Nichols,* for plaintiff in error.

The information is insufficient to charge a crime. The year in which the offense was committed is alleged as 19013, hence the information charges an impossible act and is null and void. (Terrell v. State, 165 Ind. 443, 75 N. E. 884, 2 L. R. A. N. S. 251.)    The Terrell case is cited in 90 Nebr. 67, 39 L. R. A. N. S. 716, and 255 Ill. 531.    The Nebraska case follows the Terrell case.    The defect was one of substance and cannot be waived.    (Hughes on Procedure, 724; McGinnis v. State, 16 Wyo. 89, 91 Pac. 939; Rhea v. U. S., 50 Pac. 993.)    The jury was guilty of misconduct.    See

affidavit of O. W. White attached to original papers, which affidavit was prepared in accordance with Section 6288, Compiled Statutes, 1910. (Mattox v. U. S., 146 U. S. 140.) The court erred in failing to instruct the jury relative to its duty in respect to the question of punishment. The verdict is insufficient to support the judgment and sentence. The record of judgment fails to show that defendant was informed of his conviction and inquired of whether he had anything to say why sentence should not be pronounced against him. (Section 6254, Compiled Statutes, 1910.) The record cannot be aided by presumption. (Iverslie v. Spaulding, 32 Wis. 394; Hughes Datam Posts of Jurisprudence, Case No. 46.)

*D. A. Preston, Attorney General,* for defendant in error. No motion for a new trial is included in the bill of exceptions. If an affidavit was filed charging misconduct of the jury, such affidavit is not included in the bill of exceptions. Motions for new trials and affidavits cannot be made a part of the record by reference thereto in a bill of exceptions. (Improvement Co. v. Bradley, 6 Wyo. 171; Groves v. Groves, 9 Wyo. 174; Altschiel y. Smith, 9 Kan. 90; Tessier v. Crowley, 16 Neb. 369; Meredith v. State, 122 Ind. 514; Perkins v. McDowell, 3 Wyo. 328; R. R. Co. v. Wagner, 19 Kan. 335; Ulrich v. Harvey, 76 Ind. 107.) Unless so included they will not be considered on appeal. (Garbanati v. Co. Comm., 2 Wyo. 257; Boulter v. State, 6 Wyo. 66; Koppala v. State, 15 Wyo. 398; Davis v. Ogden, 17 Wyo. 207; Seng v. State, 20 Wyo. 222; Improvement Co. v. Bradley, 6 Wyo. 171; Groves v. Groves, 9 Wyo. 174; Altschiel v. Smith, 9 Kan. 90; Tessier v. Crowley, 16 Neb. 369; Meredith v. State, 122 Ind. 514.) Where misconduct of the jury is assigned it must be supported by affidavit. (Comp. Stats. 1910, Section 6288.) Had this been done we would cite Sections 6286, 6287, 6288, C. S. 1910; Vol. 2, Cyc., p. 24; Cook v. Garza, 13 Tex. St. 431; Ferris v. Bank, 158 Ill. 237; Gustaveson v. State, 10 Wyo. 300. The subject matter of assignment number three, to-

wit: a failure of the court to instruct the jury as to punishment is not before the court for consideration. (Rule, Supreme Court of Wyoming, 13; White v. Sisson, 1 Wyo. 399; Boulter v. State, 6 Wyo. 66; Groves v. Groves, 9 Wyo. 174; Koppala v. State, 15 Wyo. 398; Seng v. State, 20 Wyo. 222.) If this assignment were properly presented we would cite 12 Cyc. 614; People v. Henderson, 28 Cal. 465; State v. Wilson, 141 N. W. (Ia.) 337; Ford v. State, 46 Neb. 390; Courrier v. State, 157 Ind. 104; Russel v. State, 57 Ga. 420. It is urged for the first time on appeal that the information charges an impossible act, towit: a murder committed in 19013 and the court being without jurisdiction to proceed, the judgment is insufficient to sustain the execution of defendant. (Terrell v. State, 165 Ind. 443; Robles v. State, 5 Tex. App. 347; People v. Weinstein, 255 Ill. 530; McKay v. State, 90 Neb. 63; McGinnis v. State, 16 Wyo. 72; Rhea v. U. S., 50 Pac. (Okla.) 993.) The objection cannot be raised for the first time on appeal. (Terrell v. State, *supra*.) The case of Robles v. State, *supra*, is not in point and was governed by a Texas statute. (See Joel v. State, 28 Tex. 642.) In People v. Weinstein, *supra*, the objection was raised by motion to quash before judgment and the appellate court held that it was error to overrule the motion. In McKay v. State, *supra*, the objection was raised by motion to quash and the' prosecution was granted leave to amend after the jury had been selected and sworn. While that decision may support the contention of defendant, it was modified on rehearing (91 Neb. 281) to the effect that the information was defective merely and not void. Where the information is defective only and no objection is taken by motion to quash, the rule announced in McGinnis v. State, *supra*, and Rhea v. U. S., *supra*, will not apply. Comm. v. Doyle, 110 Mass. 103, followed common law procedure. The question is governed by statute in this state. Section 6165, Comp. Stat. 1910, modifies the common law rule. The objection comes too late after verdict. (Connor v. State, 25 Ga. 515; Mc-

Math v. State, 55 Ga. 303; Jones v. State, 55 Ga. 625.) In Trout v. State, 107 Ind. 578, it was held that the point could not be raised for the first time on a motion in arrest of judgment. The error as to statement of the year the offense was committed is a mere clerical error (Williams v. Comm., 13 Ky. L. 893), and should have been attacked, if at all, by motion to quash. (Poole v. People, 24 Colo. 510; Stevens v. State, 5 Baxt. (Tenn.) 681; Price v. Comm., 4 Ky. L. 618.) The objection comes too late by motion in arrest. (Boos v. State, 105 N. E. 117 (Ind.) In the absence of a proper bill of exceptions it will be presumed that defendant was informed by the court of his conviction and inquired of, if he had anything to say why sentence should not be pronounced against him. (Bond v. State, 23 O. St. 349; State v. Hunter, 82 N. C. 153; Taylor v. State, 126 N. W. 752 (Neb.); Lilliard v. State, 151 Ind. 322.)

*W. B. Holliday,* on petition for rehearing.

Texas has codified the common law principle that an allegation of cause is essential. (2 L. R. A. N. S. 253). The Terrell case clearly holds that an information charging an offense, as committed on an impossible date, charges no offense; time is an essential ingredient of the offense and must be properly charged. (Ball v. Texas, 35 L. Ed. 385, approved in 41 L. Ed. 301.) Due process of law, as guaranteed by the fourteenth amendment, implies and includes regular allegations. (Den. v. H. L. & I. Co., 18 How. 272-286, 15 L. Ed. 376.) An allegation of a future date alleges no offense (Comm. v. Doyle, 110 Mass. 103), and is no bar to another indictment. (State v. Smith, 88 Ia. 178, 55 N. W. 198.) A deficient information invokes the constitutional guaranty whether called to the attention of the trial court, or not. (Man. L. Ins. Co. v. Cohey, 234 U. S. 132; Home for Incurables v. N. Y., 63 L. R. A. 333; McGrew Case, 63 L. R. A. 45, 6 Otto. 432; Montana Railway Co. v. Warren, 34 L. Ed. 681.) Hence the court was without jurisdiction. (Windsor v. McVeigh, 93 U. S. 277.) Federal courts will consider violations of the constitutional guar-

anty. (Grant Bros. v. U. S., 58 L. Ed. 776.) It is a violation of the due process of law clause of the fourteenth amendment to apply the provisions of Section 6165, Comp. Stat. 1910, to the case at bar; a motion to quash could be sustained only on the theory that the information alleged no offense, hence the trial court proceeded without jurisdiction. (Windsor v. McVeigh, *supra*.)

SCOTT, JUSTICE.

The plaintiff in error, who was defendant below, was charged, tried and found guilty of the crime of murder in the first degree and sentenced to suffer the extreme penalty of the law, and from the conviction and judgment he brings error.

1. The charging part of the information and verification thereto are as follows:

"Comes now William O. Wilson, County and Prosecuting Attorney of the County of Natrona, in the State of Wyoming, and in the name and by the authority of the State of Wyoming, informs the court and gives the court to understand that O. W. White, late of the county aforesaid, on or about the 12th day of August, A. D. 19013, in the County of Natrona, in the State of Wyoming, did then and there unlawfully, wilfully and feloniously and purposely and with premeditated malice, kill and murder one, Anderson Coffee, the said Anderson Coffee, being then and there a human being, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Wyoming.    WILLIAM O. WILSON,

"County and Prosecuting Attorney of the County of Natrona, in the State of Wyoming.

"State of Wyoming, ⎱ ss.
  Natrona County,   ⎰

"I, William O. Wilson, County and Prosecuting Attorney of the County of Natrona, in the State of Wyoming, do solemnly swear that I have read the above and foregoing information by me subscribed, and I know the contents

thereof, and that the facts therein stated are true, so help
me God.                              WILLIAM O. WILSON.

"Sworn to before me and subscribed in my presence, this
20th day of September, A. D. 1913, and I so hereby cer-
tify.                                   FRED E. PLACE,
                                          "Clerk of Court."

It is contended that the information is fatally defective in
that the time of the commission of the alleged offense is
stated at a date subsequent to filing the information or at a
future date, to-wit, "on August 12, 19013."  Such a date
was an impossible date and under the common law an in-
dictment so worded could not be the basis of a legal trial
and conviction.  In the case here there was no motion to
quash, nor was a demurrer interposed to the information,
nor was there any motion to arrest presented to the trial
court.  The question of the sufficiency of the information
is presented here for the first time.  It must be conceded
under Section 6165, Comp. Stat. 1910, that if an impossible
date as stated in the information was an imperfect state-
ment, or if it may be regarded as surplusage, or if it did not
tend to prejudice the substantial rights of the defendant on
the merits, then we would not be justified in reversing the
judgment on that ground.  Among other things that sec-
tion provides: "No indictment shall be deemed invalid, nor
shall the trial, judgment or other proceedings be stayed, ar-
rested or in any manner affected  *  *  *  for omitting to
state the time at which the offense was committed in any
case where the time is not of the essence of the offense;
nor for stating the time imperfectly  *  *  *; nor for any
other defect or imperfection which does not tend to the
prejudice of the substantial rights of the defendant; nor
for any surplusage or repugnant allegation when there is
sufficient alleged to indicate the crime or person charged."
Time is not of the essence of the crime here charged nor
does the statute of limitations apply to a prosecution for
homicide, and we are of the opinion that the information
complied with all of these provisions if the allegation of the

impossible date may be treated as surplusage, for if that allegation be eliminated the information must be held good under the above statutory rule of construction. Under that rule the presumption is, even though the date of the crime is not alleged, that the alleged crime was committed prior to the filing of the information and upon the trial the prosecution would be held to proof of its commission prior to the filing of the information, as was done in this case. In reading the information two things are apparent: First, that the date stated being a future and impossible date is a clerical error, as indicated upon a printed blank with the year 190 and the typewritten figures 13 added thereto; and, second, that if treated as surplusage there would remain, as provided by the statute, allegations sufficient to charge homicide. It may be conceded that the strict rule of construction obtained at common law and such rule obtains everywhere except when changed or modified by statute. Under that rule the information would be demurrable, but under like statutes as Section 6165, *supra,* which was enacted and intended to do away with the force of refined technicalities in criminal pleadings which are technical but not prejudicial to any substantial rights of the defendant, and some courts have treated the defect as one of form and not of substance. The error in the date of the commission of the homicide as recited in the information before us may, we think, with entire propriety be treated at least after verdict and judgment as cured by the verdict. (Connor v. State, 25 Ga. 515, 71 Am. Dec. 184.) The time of the commission of the homicide was proven without objection as "August 13, 1913," which was a day prior to the filing of the information. The words "did then and there * * * purposely and with premeditated malice kill and murder" import a past transaction (Conrand v. State, 65 Ark. 559, 17 S. W. 628; Williams v. Com., 18 S. W. 1024; Com. v. Miller, 79 Ky. 451; Vowells v. Com. 84 Ky. 52; State v. Patterson, 116 Ind. 45, 10 N. E. 289, 18 N. E. 270); and in that respect are repugnant to the figures denoting the

year in which the homicide was committed. It is said in
Bishop Cr. Proc., Vol. 1, Sec. 478, that "Surplusage is any
allegation without which the pleading would be adequate at
law." In State v. Murphy, 102 Mo. 680, 77 S. W. 157, the
court say: "If after striking out portions of an indictment,
sufficient remains to constitute a valid charge of the crime in-
tended to be charged, such striking out is permissible and
the indictment is good." This is the uniform holding in
that state and is supported by a long line of decisions. The
general rule, irrespective of statute, is that surplusage does
not vitiate an indictment and to aid the same it may be
rejected. (State v. Judy, 60 Ind. 138.) In State v. Brooks,
85 Ia. 366, 52 N. W. 240, the defendant was convicted of
embezzlement. After issue was joined and when the case
was called for trial the State applied to the court for and
over defendant's objection and exception obtained permis-
sion to and did correct the indictment by changing the date
of the alleged commission of the crime from "On or about
the 15th day of November, 1890," so as to read, "On or
about the 15th day of November, 1888." The first day as
alleged placed the commission of the offense at a date sub-
sequent to the finding of the indictment and was therefore
an impossible date. There was no re-arraignment and the
trial proceeded. The defendant was found guilty and the
case was appealed to the Supreme Court, which held that
the indictment was not void and that the objection to its
correction was technical and should be disregarded under
a statute providing that that court should "examine the
record, and without regard to technical errors or defects
which do not affect the substantial rights of the parties,
render such judgment on the record as the law demands."
(See State v. John, 124 Ia. 230, 100 N. W. 193; State v.
Woodman, 3 Hawks (10 N. Car.) 384.) In Trout v. State,
107 Ind. 578, 8 N. E. 618, the defendant was convicted of
an assault with intent to commit rape. The information
charged that it was committed on October 21, 1886; the
affidavit and information based thereon were filed on Jan-

nary 16, 1886; the affidavit correctly stated the date of the commission of the offense, to-wit: October 21, 1885. Trout appealed, claiming that the trial court erred in overruling his motion in arrest of the judgment upon certain grounds, among others "Because the facts stated in the information do not constitute a public offense under the laws of Indiana." There was no motion to quash and the court upheld the information and say: "If the appellant had moved the trial court to quash the information in this case it would have been error, under our decisions, to have overruled such motion. (Dyer v. State, 85 Ind. 525; Murphy v. State, 106 Ind. 96.)"

In McKay v. State, 90 Neb. 63, 132 N. W. 740, 39 L. R. A. N. S. 714, Ann. Cas. 1913B, 1034, it was held that an information is fatally defective if it charges the commission of the offense as subsequent to the date upon which the information is filed. The case afterward came before the court on a motion for a rehearing (91 Neb. 281, 39 L. R. A. N. S. 714, Ann. Cas. 1913B, 1034, 135 N. W. 1024) and a majority of the court receded from its former holding that charging the commission of an offense at a time subsequent to filing the information did not render the information void. This holding was in a case exactly like the one here, where the defendant had been convicted of murder in the first degree, although the judgment in the Nebraska case was reversed upon other grounds. In State v. Mulford, 12 Ohio Dec. (*Nisi Prius*) 724, 728, under a similar statute to ours, a motion to quash a count in an indictment on the ground that the count fixed the date of the offense as December 31, 1998, the court say: "That the offense could not have been committed on the date alleged is manifest; and it is equally manifest from the allegations of this count that the date is erroneously stated, for the offense is charged in the past tense, and this sufficiently shows that the offense was committed in the past."

It is not the policy of the lawmakers to permit courts to reverse a conviction for crime upon mere technicalities

alone, but to limit them to reversals for errors which are prejudicial to some substantial right of the accused. In the case before us if the information be strictly construed its meaning is absurd, for it alleges the date of the commission of the crime not only as subsequent to the filing of the information, but not within the possible lifetime of the defendant or anyone now living. The allegation of a past transaction and one in the future, as already pointed out, are repugnant. No one reading the information could be misled as to the date. The construction contended for by defendant cannot be sustained, for a casual reading of the information itself would disclose that it was a clerical error. (State v. Crawford, 66 Ia. 222, 23 N. W. 684.) Indeed it was admitted upon the argument that the mistake in the date was neither discovered by the state nor defendant until after verdict and judgment. Under Section 6165, *supra,* the information, judgment or proceeding shall not be disturbed for failing to state the time, or stating it imperfectly where time is not of the essence of the crime alleged. There is no uncertainty in the charge, and the erroneous date therein alleged could be stricken out without detriment to the information, for it would still charge the defendant with the crime of murder in the first degree, and presumably committed at a time prior to the filing of the information. In such a case it may, we think, be considered as surplusage and disregarded. (State v. Murphy, *supra.*) We are aware that the conclusion here reached is not in harmony with the views of some courts upon this question, but we are unable to see that the defendant was prejudiced in any of his substantial rights by the defective information and to hold otherwise would, in our judgment, have the effect of nullifying the plain provision of the statute.

2. It is contended that the judgment is contrary to law. The part to which this objection is made reads as follows: "And thereupon said defendant, O. W. White, was informed that on the 10th day of October, 1913, the jury duly empaneled and sworn to try the charge against him had

returned into court its verdict finding him guilty ·of the crime of murder in the first degree and thereupon he was inquired of if he had anything to say why the sentence of the court should not be pronounced against him accordingly, and no good cause being shown, the court did then and there pronounce the following sentence." The objection here urged is that it is not ·recited in the judgment that the information and inquiry was given and made by the court. Section 6254, Comp. Stat. 1910, provides that before the sentence is pronounced on the conviction of a felony such information shall be given and the defendant asked by the court if he has anything to say why judgment should not be pronounced against him. There is a presumption that obtains in the regularity of the proceedings of a court of record. The statute makes it the duty of the court to give such information and make the inquiry. No one else is authorized to do so and when the judgment as here recites that such information was given and the inquiry made we think the presumption obtains in the absence of a showing to the contrary that the information was given and the inquiry made by the court. The judgment in effect recites that the answer, if any, to the inquiry was deemed insufficient by the court which proceeded to pronounce judgment. The defect in the recital was not fatal to the judgment.

3.  It is contended that there was misconduct of the jury and also that the court erred in giving some of the instructions to the jury. The motion for a new trial is found among the original papers returned and filed in this court, but that does not constitute it a part of the record, because it is not incorporated in a bill of exceptions. Notwithstanding the fact that the motion is not incorporated in the bill of exceptions, which, under the rules and a long line of decisions of this court, would preclude us from considering these questions, we have, in view of the importance of this case, examined into them and find no prejudicial error as to them nor in any other respect, even had they been properly

preserved in the record for our consideration. The evidence supports the verdict and we are of the opinion that the judgment should be and the same is affirmed. And now this court appoints Friday, the 4th day of June, in the year of our Lord 1915, for the execution of the sentence pronounced by the court below.                                   *Affirmed.*

POTTER, C. J., and BEARD, J., concur.

ON PETITION FOR REHEARING.

PER CURIAM.

A petition for rehearing has been filed by the plaintiff in error by which and the brief in support thereof it is again insisted that the information is insufficient to sustain the conviction, for the reason that an impossible date was alleged as the time when the offense was committed. This contention has reference to the statement in the information of the year in which the offense was committed, viz.: "19013." How the year came to be thus stated is explained in the former opinion. Repeating in substance what was there said, it appears that in preparing the information the prosecuting attorney used a printed form in which the figures "190" were printed in the place for inserting the year, said form having been one no doubt printed and used prior to the year 1910. In filling the blanks left in the form for the date and figures "13" used to indicate the year were inserted in the space left for that purpose following the figures "190," thus making it read literally "19013." It was conceded upon the argument that throughout the proceedings in the district court, including the trial, this date was read as 1913, and the indictment was read as charging the commission of the offense on or about the 13th day of August, A. D. 1913.

In support of the contention that the information charges no offense, because it charges the crime to have been committed upon an impossible date, we are referred to a case which was cited by counsel on the original hearing, viz.: Terrell v. State, 165 Ind. 443, 75 N. W. 884, 2 L. R. A. (N. S.) 251, 112 Am. St. Rep. 244, 6 A. & E. Ann. Cas.

851, wherein an indictment was held invalid which charged
the commission of the crime on the 12th day of July, in.
the year 18903. Although this case was not cited in the
former opinion, we had not lost sight of it, but concluded
not to follow it if in point. There are, however, some
features which clearly distinguished that case from the
case at bar. In the first place a motion had been made to
quash the indictment and that motion had been overruled.
In this case no objection to the information was made in
the trial court prior to verdict. Again, it was sought in
that case to bring the original indictment to the attention of
the appellate court for the purpose of showing the exact
manner in which the date was stated; the opinion stating
that the attorney general says: "The court will observe
that the copy of the indictment in the record shows the
figures 8 and 9 without any space between them. To get
at the real cause of this alleged error, it is necessary to
examine the original indictment, where the trouble concern-
ing the statement of the date will readily be observed." But
the court held that the copy of the indictment as it appeared
in the record imported absolute verity, and nothing *dehors*
the record could be resorted to for the purpose of contra-
dicting it. In the case before us the original information
is a part of the record. It is not here by copy. Further, it
also appears by the record in this case that the defendant
below, plaintiff in error here, was first proceeded against
by complaint before a justice of the peace and arrested upon
a warrant issued by him, who thereupon gave the defendant
a preliminary hearing, and finding that the alleged crime of
murder had been committed by the defendant, it was or-
dered that he be held to answer the charge before the dis-
trict court and he was committed to jail until discharged
by due course of law. The complaint filed with the justice
by the prosecuting attorney clearly states the date of the
commission of the crime as the "13th day of August, 1913."
The warrant upon which the defendant was arrested
charged the commission of the crime on the same date, and

the justice's transcript filed as a part of the record shows that the complaint charged the defendant White with having committed the crime on the 13th day of August, 1913, and that the said magistrate found that the offense charged had been committed by the defendant White "on or about the 13th day of August, 1913, in the county aforesaid." And it was proven on the trial without objection, as stated in the former opinion, that the time of the homicide ·was August 13, 1913.

In a later case decided by the Supreme Court of Indiana, where there had been no motion to quash the indictment, it was held that a motion in arrest was properly overruled where the indictment alleged the offense to have been committed "on or about December 14, 19012." (Boos v. State, 181 Ind. 562, 105 N. E. 117.) The court said: "As alleged, the date is impossible of an act past, but we cannot avoid the fact that an offense which is charged to have been committed was committed prior to the charge being made, and could not in fact have been in the future, or 19012. The statute (Burns 1914, Sec. 2063) provides, among other things, that no indictment shall be set aside or questioned, nor shall the trial, judgment, or other proceeding be stayed, or arrested, for any surplusage or repugnant allegation, where there is sufficient matter alleged to indicate the crime and person charged. The charge that appellant did then and there unlawfully and feloniously sell and barter, and give away one glass of beer, etc., an act in the past tense, is clearly repugnant to the charge that it was done in December, 19012, if it is not to be treated as a clerical error, for both of which there is authority. (State v. White (1891), 129 Ind. 153, 28 N. E. 425; State v. Patterson (1888), 116 Ind. 45, 10 N. E. 289, 18 N. E. 270; Trout v. State (1886), 107 Ind. 578, 8 N. E. 618.) Again, by statute, the time at which an offense is committed is not material where the time is not of the essence of the offense, or where the time is imperfectly stated on a motion in arrest. (Citing cases.) The offense charged is of a past

transaction, and is that of unlawful sale to a minor, and the specific person charged is appellant. The allegation as to time is both surplusage and repugnant to the allegation of a fact in the past, and we are required to view the matter in a common sense manner, and to view the indictment as a whole. (Citing cases.) We are bound to presume on this motion that it was shown by the evidence, that the offense was committed at some time prior to the return of the indictment within the period of limitation, and this rule is in consonance with reason and adjudicated cases. (Citing cases.) It is not suggested, nor can we perceive how the allegation as to time could have prejudiced appellant's rights in the least, and we are by statute required to disregard technical errors, or defects, or exceptions to any decision or action of the court below, which does not, in the opinion of the court, prejudice a defendant's substantial rights. * * * Time is not of the essence of the offense here, and a public offense is completely charged without reference to the time stated, and the latter is surplusage, and also repugnant to the other charges in the indictment. Our conclusions are not in conflict with Terrell v. State, *supra,* and the cases there cited, in which the question arose on motion to quash, or when restricted to motions in arrest of judgment, but we are constrained to take the view that a defendant cannot risk the chance of an adverse verdict which could only be found on evidence of the commission of a public offense, well charged, except as to time, within the period of limitation, and then raise a question which goes neither to jurisdiction or the lack of a public offense, and could not possibly prejudice any substantial right, and that it should be decreed a personal right, which he may waive, and does waive, by so doing."

From the facts in the case at bar, above alluded to, it is perfectly clear that the defendant was not misled or prejudiced upon his trial by the alleged error in charging the date of the commission of the offense. We are not to be understood as holding that no indictment will be defective

or invalid for charging the commission of a crime upon an impossible date. We do not think that our conclusion announced in the former opinion, and to which we feel constrained to adhere, is in conflict with the general line of authorities upon that question, for most of the cases where the question is considered and an indictment held invalid are clearly distinguishable from the case here. But we cannot agree·that the statement of the year as found in this information is sufficient to invalidate it. We remain of the opinion that it may be regarded as surplusage or as a statement of the time imperfectly within the meaning of Section 6165 (Comp. Stat. 1910), which declares: "No indictment shall be deemed invalid, nor shall the trial, judgment or other proceedings be stayed, arrested or in any manner affected: * * * for omitting to state the time at which the offense was committed, in any case where the time is not of the essence of the offense; nor for stating the time imperfectly; * * * nor for any surplusage or repugnant allegation where there is sufficient matter alleged to indicate the crime or person charged; * * * nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." It would hardly be contended that anyone would read this information and understand it otherwise than as intended to charge the commission of the offense in the year 1913, notwithstanding that the figure "o" was not erased or that the figure "1" was not typewritten over it instead of immediately following it. But if the court must be so insensible to the common understanding of men and read the statement of the year in this information as 19013, then we are clearly of the opinion that in that respect the information is no more objectionable than if the time of the commission of the alleged offense had been entirely omitted. Indeed we think that is the effect of stating the year as 19013, a date beyond the practical comprehension of any person living today, so that the information may properly be considered as failing to state the year, and, therefore, omitting to state

the time of the commission of the offense, and thus bringing the case within the provisions of Section 6165 as to such an omission.

It seems to be now contended that time is of the essence of the offense charged in this case. But we are not convinced by the argument of counsel upon that proposition. It is further contended that by the decision in this case holding the information to be valid by applying the statute aforesaid defendant has been denied due process of law guaranteed by the fourteenth amendment to the Constitution of the United States. It is argued in support of that contention that the information is insufficient to comply with the "due process of law" clause of said constitution and that Section 6165 of our statutes, which we have applied in considering the information, is violative of such "due process of law" clause and is, therefore, unconstitutional. But we do not think any constitutional right of the accused is infringed by the statute, nor has any authority been cited holding such a statute to be unconstitutional. Statutes of that kind, we think, have generally been upheld. (22 Cyc. 285-286; Comm. v. Snell, 189 Mass. 12, 75 N. E. 75, 3 L. R. A. (N. S.) 1019.) The defective statement of the date is a defect of form only, or a defect merely in the manner of charging the offense, where time is not of the essence of the offense, which may properly be objected to by motion to quash. (Ledbetter v. U. S. 18 Sup. Ct. 774; 42 L. Ed. 1162; 170 U. S. 606; U. S. v. Howard, 132 Fed. 325.) The statute provides that a motion to quash may be made in all cases where there is a defect apparent upon the face of the record, including defects in form of the indictment or information, or in the manner in which the offense is charged. (Comp. Stat. 1910, Sec. 6186.) It further provides that the accused may demur when the facts stated in the indictment or information do not constitute an offense punishable by the laws of this state, or when intent is not alleged, when proof of it is necessary to make out the offense charged. (Id., Sec. 6188.) And that the accused

shall be taken to have waived all defects which may be excepted to by motion to quash, by demurring to an indictment or information, or pleading in bar, or not guilty. (Id., Sec. 6190.)

In Ledbetter v. U. S., *supra,* the Supreme Court of the United States say: "Good pleading undoubtedly requires an allegation that the offense was committed on a particular day, month and year, but it does not necessarily follow that the omission to state a particular day is fatal upon a motion in arrest of judgment. Neither is it necessary to prove that the offense was committed upon the day alleged, unless a particular day be made material by the statute creating the offense. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient." And an indictment was held sufficient upon motion in arrest of judgment which alleged the time as "on the........day of April, A. D. 1896." A rehearing will be denied.                                   *Rehearing denied.*