State v. Walker.

## THE STATE v. WILLIAM WALKER, Appellant.

### Division Two, March 11, 1902.

1. **Criminal Law: FORGERY: INFORMATION: COUNTS: INDUCEMENT.** Where an information, in the first clause, alleges that at the time and place specified the defendant "did willfully, unlawfully, and feloniously have in his possession a certain false, forged, and counterfeit promissory note, purporting to be made by," etc., then sets up a copy of the note, and follows with another clause charging the offense of selling such forged note, the first clause (not containing the essentials of Revised Statutes 1899, section 2002, that defendant knew the note was forged, and that he intended to defraud) should not be considered a separate count, but only as inducement or a preparatory statement to the real charge set out in the next clause.

2. ———: ———: ———: **PRESUMPTION OF CORRECT RESTORATION: CERTIFICATE OF CLERK.** Where the certificate of the clerk of the court states that the information on which defendant was tried was not "the original information filed in this cause, but a copy, as permitted to be restored by the court," it must be presumed that the restoration was correctly made.

3. ———: ———: **DEFINITION: VARIANCE.** Under Revised Statutes 1899, section 2002, defining as forgery in the second degree the selling or offering to sell any forged instrument, knowing it to be forged, with intent to "have the same altered or passed," where an information charging the sale of a forged note contained the word "uttered," instead of "altered," and also alleged that the sale was "with intent to injure and defraud"—words not contained in the statute—such variance from the language of the statute did not change the meaning, or render the information insufficient.

4. ———: ———: ———: **CHARGE: EVIDENCE.** An information charging an absolute sale of a forged note is not supported by evidence showing an offer to sell, and that the bank to which the offer was made, without paying or offering to pay anything, kept the note, and had defendant arrested.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*John F. Black, C. L. Coyner* and *S. A. Handy* for appellant.

(1)   The information is bad because it states two separate and distinct crimes.   State v. Williams, 152 Mo. 115; State v. Jackson, 89 Mo. 561.   (2)   In an information for forgery, this court has held that very slight inaccuracies will be fatal.   Thus, changing the instrument, said to have been forged, is a gross variance and should not be allowed.   State v. Fay, 65 Mo. 490; State v. English, 67 Mo. 136; State v. Chamberlain, 75 Mo. 383; State v. Smith, 31 Mo. 120; State v. Gullette, 121 Mo. 447.

*Edward C. Crow,* Attorney-General, and *Jerry M. Jeffries* for the State.

(1)   The information in this case follows the words of the statute and in every particular informs the defendant of what he is charged.   That is all that is necessary.   State v. Van Wye, 136 Mo. 227; State v. Davis, 106 Mo. 230; State v. Adams, 108 Mo. 208.   The information described the instrument forged, and is sufficient to notify the defendant of the charge.   State v. Fisher, 65 Mo. 437; State v. Glennon, 67 Mo. 380.   (2)   The record shows that there is absolutely no variance between the proof and the information, but even though there had been a small variance, the trial court is the judge of the question as to whether or not such a variance is prejudicial to the defendant.   State v. Wammack, 70 Mo. 410; State v. Lamb, 141 Mo. 298.

SHERWOOD, P. J.—Prosecution of defendant under section 2002, Revised Statutes 1899, the information, in its charging part, being the following:

"That one W. M. Walker, on the — day of February, A. D. 1901, at the said county of Howell, did then and there willfully and unlawfully and feloniously have in his custody

and possession a certain false, forged and counterfeit and promissory note purporting to be made by Jas. M. Goins, J. M. Endecott and C. Riley, which said false, forged and counterfeit promissory note is as follows, that is to say:

" '$75.00        West Plains, Mo., Feb. the 12th, 1901.

Ninety days after date we promise to pay to the order of ———— seventy-five dollars, payable at the Howell county Bank, in West Plains, Mo., with interest from date at the rate of eight per cent per annum, payable annually, and if the interest be not paid annually, or when due, to be added to and become a part of the principal, and bear the same rate of interest.

        " 'When due ———— 190—.
        " 'P. O. Address, ————.

                        " 'Jas. M. Goins.
                        " 'J. M. Endecott.
                        " 'C. Riley.'

"And the said W. M. Walker did afterwards, to-wit: on the day and year aforesaid, at the county aforesaid, unlawfully and feloniously, with intent to injure and defraud, sell and deliver the said falsely made, forged and counterfeit promissory note to the West Plains Bank in the city of West Plains in said county with intent to have the same uttered and passed, he, the said W. M. Walker, then and there knowing the said promissory note to be falsely made, forged and counterfeited, against the peace and dignity of the State."

I.   It was at first thought that the above paper writing constituted two counts and this was asserted on part of defendant, but on closer examination it has been found that what was thought to be the first count, was simply prefatory matter or matter of inducement, so to speak, to the count on which the prosecution counts.

And this is rendered more apparent when we consider the

requisites of an information based on section 2003. Such information would have to allege that the falsely made, forged and counterfeited promissory note was in the possession of defendant, he knowing the same to be falsely made, etc, with intent to defraud.

But these allegations are wholly lacking, and hence we conclude that the prefatory paper was not intended for anything more than what its face would appear to indicate.

2. The information, aforesaid, as is certified by the clerk of the Howell Circuit Court, is not, as he states, "the original information filed in this cause, but a copy as permitted to be restored by the court." Under such a certificate we are bound to presume that the trial court would not have permitted the restoration to be made *unless correctly* made, since that was the duty of the trial court, to see to this matter. This presumption places this restored information in the same situation, and on the same plane as if the original information had not become a *"dissolving view."*

The information now before us is evidently attempted to be bottomed on section 2002, as before stated.

That section reads as follows:

"Every person who shall sell, exchange or deliver, or offer to sell, exchange or deliver, or receive upon a sale, exchange or delivery for any consideration, any falsely made, altered, forged, or counterfeited note, check, bill, draft or other instrument, the falsely making, altering, forging or counterfeiting of which is by the last section declared to be an offense, knowing the same to be falsely made, altered, forged or counterfeited, with intent to have the same altered or passed, shall be adjudged guilty of forgery in the second degree."

But the information does not follow that section very closely. It will be noted of that section that, near its close, it says, "with intent to have the same *altered* or passed." While the information uses the words, "with intent to have the

same *uttered* and passed." This word *"uttered"* is not to be found in that section. Nor does the foundation section in this case contain the words, "with intent to injure or defraud." But these six words just quoted, as they do not affect the sense of the information, may be rejected as surplusage. [State v. Meyers, 99 Mo. loc. cit. 114, and cas. cit.; State v. Taylor, 117 Mo. loc. cit. 185.]

Beginning with the statutes of 1835, page 185, section 9, the words of the section in question were, "with intent to have the same *uttered* or passed."

But when the revision of 1845 came (R. S. 1845, pp. 369-70, sec. 9), the word "uttered" was altered to *"altered"* and has remained thus *"altered"* ever since. [Gen. Stats. p. 794, sec. 9; sec. 1387, R. S. 1879; sec. 3633, R. S. 1889; sec. 2002, R. S. 1899.]

In State v. Hesseltine, 130 Mo. loc. cit. 474, it was parenthetically said that the word *"altered"* is evidently a clerical mistake for *"uttered."*

3. The information charges an *absolute sale* of the note mentioned, while the evidence shows merely an offer to sell the note, accompanied by a stoppage *in transitu*, as it were, by reason of the fact that the officers of the bank promptly discovered and denounced the note as a forgery, and defendant as the forger, and thereupon kept the note, without paying or offering to pay a stiver therefor. So that it is plain to be seen that the evidence offered in support of the charge in the information, did by no means support it.

4. But more than that, the trial court gave the following instruction:

"If you believe and find from all the facts and circumstances in evidence that this defendant, at any time within three years before the 7th day of March, 1901, in Howell county, Missouri, had the note introduced in evidence in his possession, and offered the same for sale or discount at the West Plains Bank, and that the names of Jas. M. Goins, J.

M. Endecott and C. Riley, or either of them, was forged to such note, and that defendant knew such fact, then you should find the defendant guilty of forgery in the second degree and assess his punishment at imprisonment in the penitentiary not less than five nor more than ten years."

This instruction, while it conforms to the evidence adduced, by no means conforms to the charge contained in the information.

For these reasons, the judgment is reversed and the cause remanded.    All concur.