## STATE OF MISSOURI, Appellant, v. MURPHY, Respondent.

### St. Louis Court of Appeals, November 17, 1903.

1. **Crimes:** INDICTMENT: SURPLUSAGE. Where an indictment contains sufficient allegations to constitute a valid charge of the crime intended to be charged, it is a good indictment, notwithstanding it contains unnecessary averments.

2. ———: ———: ———: An indictment, which charges the defendant with assault upon a judge of an election, under a statute which has been repealed, will nevertheless be held to be a good indictment, if, after rejecting as surplusage the descriptive allegations of official character of the person assaulted, sufficient remains to constitute a charge of common assault under the general statutes.

Appeal from St. Louis Court of Criminal Correction.— *Hon. L. A. Steber,* Judge.

REVERSED AND REMANDED.

*Chas. P. Williams* for appellant.

*Jno. A. Gernez* and *H. A. Walsh* for respondent.

REYBURN, J.—The State has appealed from the judgment of the St. Louis Court of Criminal Correction sustaining a demurrer, based upon the grounds that no offense was stated therein under the laws of this State, and that the statute upon which it was sought to charge defendant had been repealed, being directed against an indictment in the following language:

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their

oath present, That on the 4th day of November, one thousand nine hundred and two, at the city of St. Louis aforesaid, and in each ward and election precinct of the said city of St. Louis a general election was had and held pursuant to the Constitution and laws of the State of Missouri for the choice and election of certain officers of the United States and of the State of Missouri, to-wit: members of Congress, judges of the Supreme Court, members bers of the senate and house of representatives of the State of Missouri, and other officers, and that then and there at the city of St. Louis at the polling place of the tenth election precinct of the fourteenth ward of said city, one G. F. Ziegler was a judge of election within and for the said tenth election precinct of the said fourteenth ward, and that then and there Paul J. Murphy and T. F. Burke, with force and arms in and upon the said G. F. Ziegler, willfully and on purpose did make an assault and him the said G..F. Zeigler did then and there unlawfully and maliciously strike, bruise, beat and wound; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.''

Section 80, of an act approved May 31, 1895, entitled ''An act to create a board of election commissioners,'' etc., enacted at the extra session of the Thirty-eighth General Assembly of the State of Missouri, provided that any person committing an assault upon a judge of election, in the performance of any duty required of him, should be guilty of a misdemeanor punishable by imprisonment or fine, or by both. Laws 1895, p. 5 (extra session). By section 49 of an act approved June 19, 1899, entitled ''An act to provide for the registration,'' etc., enacted by the Fortieth General Assembly, the Act of May 31, 1895, was expressly repealed. Laws 1899, p. 179. While the indictment here presented does not literally conform to the language of the above section of the act passed by the Thirty-eighth

General Assembly, the demurrer was filed and sustained upon the evident theory, that the indictment sought and intended to charge the offense under the above section which had been repealed by the subsequent legislation above mentioned.   In absence, however, of such special provision imposing punishment for an assault upon an election officer in discharge of his duties, if the indictment is sufficient to charge a common assault under the general statutes, the demurrer should not have been sustained.   The uniform ruling of the Supreme Court has been that an indictment for an offense created by statute will be sufficient where the language of the statute has been substantially followed.   State v. Adams, 108 Mo. 208, and cases cited.   Again, the rule is equally well established that redundant language, immaterial allegations and surplusage may be gotten rid of in an indictment.   "Surplusage," as defined by Bishop, "is any allegation without which the pleading would be adequate at law," from which the same eminent authority concludes that "in general, unnecessary averments in an indictment may be treated as mere waste material to pass unnoticed, having no legal effect whatever.  They need not be proved and all things go on as though they were not in the record.   Bishop, Crim. Procedure. vol. 1, sec. 478. The same author also enunciates the doctrine that "if an indictment on a statute covers in allegation all the statutory terms, thus showing a complete offense, it will not be ill should it add something by way of making the offense appear more enormous; nor need the latter be proved; and the same rule applies to all matter aggravating the crime beyond what is simply necessary to constitute it, whether under a statute or at common law." Vol. 1, sec. 479; see also Wharton, Crim. Prac. and Pleading, sec. 158.   If after striking out portions of an indictment, sufficient remains to constitute a valid charge of the crime intended to be charged, such striking out is permissible and the indictment is good.   State v. Meyers, 99 Mo. 107; State v. Taylor, 117 Mo. 181; State

v. Handers, 118 Mo. 227; State v. Inks, 135 Mo. 678. In State v. Walker, 167 Mo. 366, words not affecting the sense of the information, it was decided, might be rejected as surplusage.

Applying the foregoing tests to the indictment before us, and rejecting as surplusage unnecessary averments and descriptive allegations of official character of the party upon whom the assault was charged to have been made, the indictment is good under the general statutes and the demurrer should have been overruled.

Judgment reversed and cause remanded for new trial. *Bland, P. J.*, and *Goode, J.*, concur.