The State *v.* Noland.

The judgment is affirmed, with costs.

*J. I. Best* and *R. W. McBrian,* for appellant.

*D. E. Williamson,* Attorney General, for the State.

———————o———————

THE STATE *v.* NOLAND.

INDICTMENT.—TIME.—MOTION IN ARREST.—Where an indictment fixes the time of the commission of the crime charged at a date subsequent to the finding of the indictment, it is bad on motion in arrest.

SAME.—GAMING—SUFFERING HOUSE TO BE USED FOR.—An indictment for suffering a building to be used for gaming, must state the names of the persons who were suffered to game, or show cause for not doing so, and where this is not done, the objection may be taken by motion in arrest.

APPEAL from the *Montgomery* Circuit Court.

GREGORY, J.—The appellee was indicted at the *March* term, 1867.  The indictment charges that *"James Noland,* on the 12th day of *December,* 1867, at &c., did, then and there, suffer his building and tenement to be used for gaming, contrary to the form of the statute," &c.  Plea, not guilty.  Trial by jury; verdict, guilty.  Motion in arrest sustained.  The State appeals.

The time charged is an impossible date; there is, there-

fore, no time fixed at which the offense was committed. The precise time of the commission of an offense need not be stated, but it must be shown to have been within the statute of limitations. 2 G. & H., § 56, p. 402. In *Sowle* v. *The State*, 11 Ind. 492, under the code, this court held, where there had been a trial, conviction and judgment over a motion in arrest, that an information for suffering gambling in a grocery must state the names of the persons suffered to gamble, or show valid reasons for not giving them. We think this was a correct ruling. The code provides that "the indictment or information must be direct and certain, as it regards the party and the offense charged," 2 G. & H., § 55, p. 402. *Noland* was liable for each act of allowing his building to be used for gaming. The only way the offense could be identified was by giving the names of the parties suffered to gamble, or by stating a valid reason for the omission. It was so held, before the code, in *The State* v. *Miller*, 5 Blackf. 502.

It is claimed, however, that the judgment could not be arrested, under the code, for either of these defects. A majority of this court think otherwise. The statute is: "A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty, or finding of the court, and may be granted by the court for either of the following causes: 1. That the grand jury who found the indictment had no legal authority to inquire into the offense charged, by reason of it not being within the jurisdiction of the court. 2. That the facts stated do not constitute a public offense." 2 G. & H. 424. It can hardly be supposed that the legislature intended that any loose statement of a public offense in an indictment or information would be sufficient on a motion in arrest. A public offense could be charged without connecting the defendant with it. The indictment or information might show, on its face, that it was barred by the statute of limitations, and yet a public offense be charged. An indictment charging that A. B. "did felo-

niously steal, take and carry away the personal goods of another, of the value of five dollars," would charge a public offense, yet, it will not seriously be contended that such an indictment would warrant a final judgment over a motion in arrest. The code itself is its best interpreter. It is provided, that "the indictment or information must contain: 1. The title of the action, specifying the name of the court to which the indictment or information is presented, and the names of the parties. 2. A statement of the facts constituting the offense, in plain and concise language, without repetition." 2 G. & H., § 54, pp. 400, 401.

This statement of the facts constituting the offense, is the thing referred to in the second clause of the section in relation to arresting the judgment. There is no substantial difference between them. The words, "in plain and concise language, without repetition," are directory, and a violation of them in some respects would not render the pleading bad.

A majority of the judges hold that the court below committed no error in arresting the judgment. The indictment ought to state the names of the persons suffered to gamble, or show a valid reason for not giving them, and that the offense was committed within the statute of limitations.

The judgment is affirmed, with costs.

Frazer, C. J.—The following four propositions seem to me very clear:

1. No essential ingredient of the offense intended to be charged in an indictment can be omitted, under any circumstances, without rendering the indictment bad on motion in arrest.

2. In most cases, the defendant has a right to insist, for his own protection, that more than this shall be inserted; that not only a public offense shall be charged against him, but that it shall be done with such specific certainty as will enable him to distinguish it from any other violations of the same statute, and to know that he is charged not only with a public offense, but also such particulars in relation thereto

as will put it in his power to anticipate the proof which shall be adduced against him, and prepare to meet it. This is what the code means by requiring the charge to be made with certainty.

3. The names of the persons suffered to gamble might have been omitted, if they could not have been ascertained, and the averment of that fact, certainly not an ingredient of the offense, would have made the indictment good, even on motion to quash. I suppose, in that case, it would scarcely be imagined that a public offense was not charged.

4. The mere want of certainty is not a cause, under the code, for arresting the judgment, if the essential elements of a public offense be charged. To illustrate and apply these propositions: An indictment averring that "A. B., at," &c., "on," &c., "feloniously took, stole and carried away certain property of C. D., of the value of five dollars, which property is unknown and cannot therefore be described," would be clearly bad on motion in arrest, because it would not charge a public offense. If, however, the indictment, being otherwise good, did not give the name of the owner, alleging that it was not known, it would be a good indictment. The offense would be grand larceny, a public offense, no matter who was the owner of the goods. So in the case before us, there was a public offense, no matter who was permitted to gamble. The names of the persons should have been stated, in order to give certainty to the charge. But I think that the defendant, if content to go to trial, without objection for want of certainty, should not, after a verdict of guilty, be permitted to make the objection; and I have no doubt whatever that the code was intended to prevent him from doing so, and I know not how, in brief terms, that intention could have been more clearly manifested than it is. Formerly, whatever was a good objection on a motion to quash, was also generally good in arrest. In my opinion, it is not so under the code, as to all averments required merely to enable the defendant to prepare his defense. These being for his benefit, I think he

may waive them by going to trial. No hardship to the innocent can result from this view, while a leading object of the code will be accomplished by diminishing the chances of escape by the guilty. For this cause, the question before us has an importance not limited by this case, and I have not therefore been willing to defeat what seems to me the clear and very wise purpose of the legislature, by following *Sowle* v. *The State,* 11 Ind. 492, a case evidently decided, as appears by the opinion, without considering the changes wrought by the present criminal code, and without any argument whatever for the State.

The other ground upon which the indictment was attacked has, to my mind, more soundness in it. The offense was charged to have been committed nine months after the indictment was found. I was first inclined to hold that this was merely a repugnant allegation, and therefore not affecting the sufficiency of the pleading, but, on reflection, I am not able to adopt that conclusion. No other time is alleged elsewhere, and this cannot therefore be rejected. It follows that the indictment charges what is impossible, and cannot therefore legally be regarded as charging anything whatever.

*S. F. Wood* and *P. S. Kennedy,* for the State.

*T. M. Butler,* for appellee.