## BUCKNER *v.* THE STATE.

CRIMINAL LAW.—*Destruction of Indictment.—Nunc Pro Tunc Entry.—Trial.*— The defendant in a criminal prosecution can not be put upon trial on a *nunc pro tunc* entry, made by the order of the court, showing the return into court by the grand jury of an indictment against the defendant, and that it had been destroyed.

From the Morgan Circuit Court.

*G. W. Grubbs, M. H. Parks* and *J. H. Jordan*, for appellant.

*A. M. Cunning*, Prosecuting Attorney, and *C. A. Buskirk*, Attorney General, for the State.

HOWK, J.—The record of this cause does not contain any indictment, or the record thereof, or a certified copy of any such record. In lieu thereof, it appears from the record, that the appellant was put upon his trial, in the court below, upon the following *nunc pro tunc* entry, in this cause:

"Now come the grand jurors and bring into court the following indictments, signed by their foreman as true bills:

Buckner *v.* The State.

" *State of Indiana* v. *Thomas J. Buckner.* Selling without license. Indictment burned. And said jurors now return to their room again."

The words "indictment burned," it will be seen, form a prominent part of said *nunc pro tunc* entry; and the logical conclusion from the entire entry is, that the grand jurors brought into court, in this case, an "indictment burned." After the performance of that feat, the jurors did well to " return to their room again."

At the same term of the court below at which this *nunc pro tunc* entry was made, it appears from the record that the appellant moved the court to quash the indictment against him. This motion was overruled, and appellant excepted. The cause was then tried by a jury, in the court below, which trial resulted in a verdict, finding the appellant guilty, and assessing his fine at twenty-five dollars. Appellant's several motions for a new trial and in arrest of judgment were each overruled in their order by the court below, and to each of said decisions the appellant excepted. And the court below rendered a judgment upon the verdict, from which this appeal is here prosecuted.

In this court, the appellant has assigned several alleged errors; but we need only notice that which calls in question the decision of the court below in overruling appellant's motion in arrest of judgment. The record of this cause, filed in this court, imports to us " absolute verity," and from this record we are bound to conclude, that, at the time of the trial of this case, nothing but ashes remained of the indictment against the appellant, in the court below, except the *nunc pro tunc* entry above recited. Such an entry will not sustain the judgment of the court below in this cause; and the court below erred in overruling appellant's motion in arrest of judgment. The reasons for this decision are well stated by WORDEN, J., in the case of *Buckner* v. *The State,* decided at the present term, *ante,* p. 208, and need not be here repeated.

The judgment is reversed, and the cause remanded, with instructions to the court below to sustain appellant's motion in arrest of judgment.

Petition for a rehearing overruled.