## THE STATE v. WINDELL.

CRIMINAL LAW.—*Betting on Election.*—*Indictment.*—An indictment for betting on the result of an election, alleging the winning or losing, by the defendant, at a specified time, of a certain sum of money, on the result of an election which is alleged in the indictment to have been held at a subsequent time, is bad.

From the Harrison Circuit Court.

*C. A. Buskirk*, Attorney General, and *W. T. Zenor*, Prosecuting Attorney, for the State.

NIBLACK, C. J.—This was a prosecution for betting on the result of an election.

On motion, the circuit court quashed the indictment and discharged the defendant.

The State has appealed and assigned error upon these proceedings below.

Omitting the caption and the formal conclusion, the indictment was as follows: "The grand jurors of Harrison county, in the State of Indiana, good and lawful men, duly and legally empanelled, charged and sworn to inquire into the felonies and certain misdemeanors in and for the body of said county of Harrison, in the name and by the authority of the State of Indiana, on their oaths present, that one William Windell, late of said county, on the 14th day of September, A. D. 1876, at said county and State aforesaid, did then and there unlawfully win and take from one John Hottell one five-dollar note, of current money, of the value of five dollars, by then and there unlawfully betting and wagering with the said John Hottell, for the said five-dollar note, upon the result of a certain election then and there had and held on the 7th day of November, in the year 1876, in the State of Indiana, for the election of a President of the United States of America."

It was evidently intended by this indictment to charge a violation of the provisions of section 28 of the act defining certain misdemeanors, 2 R. S. 1876, p. 468, which is as follows:

"Every person who shall by playing or betting at or upon any game or wager, or upon the result of any election, either lose or win any article of value, shall be fined in any sum not less than the value of the article so lost or won, nor exceeding twice the value thereof, and any one of the persons so betting or playing may be compelled to testify against the others therein concerned."

---

To make out a case, under this section, for betting on an election, there must have been either a winning or a losing on the *result* of the election. The winning or losing *on the result* constitutes the gist of the offence.

In the indictment before us, there is an incongruity in the dates referred to in the description of the alleged misdemeanor. It is charged, that, on the 14th day of September, 1876, the appellee won and took from Hottell five dollars, by betting on the *result* of an election which was not to occur, and did not actually take place, until nearly two months thereafter. It amounts to an averment, that money was won on an election, before the election was held. This, we think, does not sufficiently charge a winning on the *result* of an election.

Ordinarily, the State is not held to strict proof on the trial, as to the precise time at which the alleged offence was committed; but it has been held, that some specific time must be alleged in the indictment, and that where the time laid is an impossible time, or is beyond the statute of limitations, or at a time when the offence was not punishable by statute, the indictment is bad. *Collins* v. *The State*, 58 Ind. 5; *The State* v. *Noland*, 29 Ind. 212; 2 R. S. 1876, p. 384, sec. 56.

Applying similar rules of pleading to the case under consideration, we are of the opinion that the indictment can not be sustained.

The judgment is affirmed.