Filed March 25, 1886.

———————◆———————

No. 12,911.

MURPHY v. THE STATE.

INTOXICATING LIQUOR. —*Indictment.*— *Fixing Offence at Date Subsequent to Return.*—An indictment, charging that the defendant made an unlawful sale of intoxicating liquor " on the 16th day of August, *18184*," is bad on a motion to quash. *State* v. *Sammons*, 95 Ind. 22, explained.

From the Owen Circuit Court.

*E. C. Steele* and *W. Hickam*, for appellant.

*F. T. Hord*, Attorney General, and *W. B. Hord*, for the State.

NIBLACK, C. J.—Over a motion to quash the indictment, the appellant was tried, and, over a motion in arrest of judgment, was convicted of an alleged criminal offence, upon an indictment, the body of which reads as follows:

" The grand jurors of the county of Owen, and State of Indiana, on their oath present that, at the county of Owen, and State of Indiana, on the 16th day of August, 18184, one Thomas Murphy did then and there unlawfully sell to John Vaughn, at and for the price of ten cents, a less quantity than a quart at a time, to wit, one gill of whiskey, he, the said Thomas Murphy, not then and there having a license to sell intoxicating liquors in a less quantity than a quart at a time."

The only question made on behalf of the appellant is upon the sufficiency of the indictment, the contention being that the indictment is fatally defective, because the time at which

the offence is charged to have been committed, is subsequent to the return of the indictment, and is, consequently, an impossible time.

It is argued on behalf of the State, that the fair inference from the case of *State* v. *Sammons*, 95 Ind. 22, is, that an impossible date in an indictment is the equivalent of no date at all, and that as section 1756, R. S. 1881, provides that no indictment or information shall be quashed or set aside, or proceeding upon it arrested, for omitting to state the time at which the offence was committed, or for stating the time imperfectly, unless time is of the essence of the offence, the fixing of an impossible date is no longer a cause for quashing an indictment.

The opinion in that case does intimate that the imperfect statement of time there under consideration might, perhaps, have been treated or regarded as the equivalent of no statement of any particular time, but it really decides only that an indictment ought not to be quashed for omitting to state the time at which the alleged offence was committed, or on account of an imperfect statement of the time. There is nothing in that case, either changing or intimating any change in the old rule, that the allegation of an impossible date vitiates an indictment. *State* v. *Noland*, 29 Ind. 212; Moore Crim. Law, section 162. Nor does the section of the criminal code of 1881, referred to, work any change in that rule. It is, on the contrary, inferable from the case of *State* v. *Sammons, supra,* in question, that an indictment is bad which either distinctly states an impossible date or fixes the date of the offence at a time beyond that limited by the statute of limitations. This inference results in part from the rule, impliedly recognized in that case, that upon a motion to quash an indictment, it is, for the purposes of the motion, admitted by both parties that the time at which the offence is charged to have been committed is correctly stated, and partly from the conclusion then reached that the com-

mon law rule, that a day certain not beyond the statutory limit must be stated in an indictment, is still in force in this State, except in so far as it has been changed or modified by some statute. As has been seen, section 1756, R. S. 1881, the only section bearing directly on the subject, only renders immaterial the omission to state any time, and an imperfect statement of time, and hence only to that extent changes the common law rule.

Since, upon the motion to quash in this case, it was mutually admitted that the alleged unlawful sale of intoxicating liquor was made at a date subsequent to the return of the indictment, the motion to quash the indictment ought to have been sustained.

The judgment is reversed, and the cause remanded with instructions to the court below to sustain the motion to quash the indictment.

