## STATE vs. PETER O'DONNELL.

Cumberland. Opinion January 22, 1889.

*Indictment. Time. Continuando. Impossible date.*

An indictment must allege a particular day on which the offense was committed, even if it be set out with a *continuando*.

Where an indictment, found on the first Tuesday of May, 1888, was rendered defective by charging the offense to have been committed, with a *continuando*, on a date practically impossible (May 15, 1807) the entering a *nol pros* to acts prior to May 15, 1887, will not cure the defect.

ON EXCEPTIONS, to the rulings of the superior court, Cumberland county, in overruling defendant's demurrer, to the indictment. The case is stated in the opinion.

*W. H. Looney, C. W. Goddard,* with him, for defendant.

Counsel cited: *Commonwealth* v. *Griffin,* 3 Cush. 523; *Id.* v. *McLoon,* 5 Gray, 91; *Id.* v. *Hutton,* 5 Id. 89; *Id.* v. *Briggs,* 11 Met. 573; *Id.* v. *Wood,* 4 Gray, 11; *Id.* v. *Langley,* 14 Id. 21; *Id.* v *Adams,* 1 Id. 481, 483; *Wells* v. *Commonwealth,* 12 Id. 326;

Whart. Crim. Pl. and Pr., §§ 125, 134; *Serpentine* v. *State*, 1 How. (Miss R.) 260.

*G. M. Seiders*, county attorney, for the state.

This is an indictment for a liquor nuisance found at the May term of the superior court for said county. By clerical error the allegation of time covered by said offense was made to read "on the fifteenth day of May in the year of our Lord one thousand eight hundred and seven, and on divers other days," etc., when it should have read, on the fifteenth day of May, A. D. 1887.

The case went to the jury and the testimony was limited to the period of time from the fifteenth day of May, 1887, to the time of the finding of said indictment, a *nol pros* having been entered, before the case went to trial, as to all time prior to the fifteenth day of May, A. D. 1887.

At the request of the defendant, the case was withdrawn from the jury after the government testimony had been put in and the court allowed him to file a demurrer. The defect in the indictment is not fatal, and the following cases go directly to the point in question: *State* v. *Hobbs*, 39 Maine, 212; *The People* v. *Stanwood*, 9 Cow. 655; *State* v. *Cofren*, 48 Maine, 364; *State* v. *Pillsbury*, 27 Maine, 449.

VIRGIN, J. An indictment must allege a particular day on which the offense was committed, even if it be set out with a *continuando*. *Wells* v. *Commonwealth*, 12 Gray, 326; *Shorey* v. *Chandler*, 80 Maine, 409; *State* v. *Small*, 80 Maine, 452.

The indictment in hand fixes the day at a date thirteen years before Maine became a sovereign state and more than forty years before the enactment of the statute which created the offense charged,—and is practically an impossible date and hence no date.

Moreover, the *nol pros*, struck out the allegation of any date, except those days named in the *continuando*, which leaves the indictment fatally defective on demurrer as was decided in the cases above cited.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.