THE STATE OF IOWA, Appellee, v. CHARLES W. SMITH, Appellant.

1. **Indictment**: SUFFICIENCY: COMMISSION OF OFFENSE ALLEGED ON IMPOSSIBLE DATE: TWICE IN JEOPARDY. An indictment found in February 1891, charging an offense as having been committed in December of the same year, is insufficient; and where a trial proceeded under such indictment up to the close of the testimony for the state, when it was set aside, and the cause re-submitted to the grand jury, which returned a second indictment for the same offense, *held*, that the proceedings under the first indictment did not justify a plea to the second one that the defendant had once been in jeopardy on the same charge.

2. **Grand Jury**: POWER TO FILL WITH TALESMEN. Where the grand jury has been selected for the term, and those jurors summoned and appearing, but not selected, have been discharged, and it becomes necessary to re-submit a cause to such jury, but all of the jurors present are disqualified by reason of having formed an opinion as expressed in an indictment already returned by them, but found to be insufficient, it is competent, under section 4256 of the Code, for the sheriff, under the order of the court, to summon qualified talesmen to fill the panel.

3. **Criminal Law**: ONCE IN JEOPARDY: WHEN JEOPARDY BEGINS: FORMER ACQUITTAL. In general, it may be said that jeopardy begins when a trial jury, upon a sufficient indictment, in a court of competent jurisdiction, has been impaneled and sworn to try the case; but where a trial has been commenced, but the cause is taken from the jury because of the insufficiency of the indictment, the proceedings do not justify a plea of once in jeopardy; neither do they sustain a plea of former acquittal.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

.TUESDAY, MAY 16, 1893.

THE defendant was indicted, tried, and convicted of the crime of obtaining money by false pretenses, and judgment entered against him, from which he appeals. —*Affirmed.*

*Tom H. Milner*, for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire*, for the State.

GIVEN, J.—The following questions presented upon this appeal arise upon the following proceedings had in the case, as shown by the record:

The defendant was held on preliminary examination to appear at the February term, 1891, of the district court for Tama county, to answer a charge of obtaining money by false pretenses. He appeared and waived challenge to the grand jury. On the twenty-fourth day of February, 1891, said

grand jury returned an indictment against the
defendant, charging him with the crime of obtaining
money by false pretenses, alleging it to have been com-
mitted on the seventeenth day of December, 1891. The
defendant was put upon trial at said term on this indict-
ment, and at the conclusion of the evidence on the part
of the state he moved for a verdict of not guilty, for
the reason that the indictment charged the crime to
have been committed on an impossible date. The
motion was overruled, and, as it was apparent on the
face of the indictment that it charged the crime to have
been committed on a date in the future, the court dis-
charged the trial jury, had the grand jury, then in
session, brought in, and called upon the defendant to
examine and challenge the grand jury, which he did
under protest. Upon examination each member of the
panel that returned the indictment was excused upon
the defendant's challenge because of having formed an
opinion, and, as each one was excused, the sheriff, in
obedience to the order of the court, summoned qualified
persons to fill the panel until the panel was complete.
The grand jury thus selected being duly sworn and
charged, the case against the defendant was submitted
to it upon the papers returned by the justice of the
peace. On March 3, 1891, said grand jury returned an
indictment against the defendant for said offense,
charging that he committed it on the seventeenth day
of December, 1890. On May 19, 1891, the appellant's
motion to set aside said indictment because of the
former indictment and proceedings being overruled, he
pleaded not guilty, and also pleaded that he had been
once in jeopardy on said charge and acquitted because
of the proceedings had on the first indictment. The
appellee demurred to said last plea, and, the demurrer
being sustained, the case was tried upon the issue of
guilty or not guilty, and a verdict of guilty returned,
upon which judgment was pronounced.

I. In this case we have the anomaly of a defendant insisting upon the sufficiency of an indictment against himself. The appellant contends

1. INDICTMENT:
sufficiency:
commission of
offense al-
leged on im-
possible date:
twice in jeop-
ardy.

that the first indictment returned against him was sufficient, and it was therefore error to discharge the trial jury to re-submit the case to the grand jury, and to put him upon trial a second time. The indictment returned February 24, 1891, charged the crime to have been committed on the seventeenth day of December, 1891. The time is nowhere else stated. The appellant's counsel contend that this allegation of time is immaterial; that the true time could be proved under the allegation, and therefore the indictment was sufficient. Such was certainly not the view entertained when the motion for a verdict was urged. The appellant cites section 4306 of the Code, which provides that no indictment is insufficient "for want of an allegation of the time or place of any material fact, when the time and place have once been stated." The section is inapplicable. This is not an omission to state the time when it had once been stated, but stating an impossible time. He also cites section 4305, which provides that the indictment is sufficient if it can be understood therefrom "that the offense was committed some time prior to the finding of the indictment." It can not be so understood from this indictment. It states but one date; a date not prior, but subsequent, to the finding of the indictment. If, as in *State v. Brooks*, 85 Iowa, 366, a date prior to the finding of the indictment had been once stated therein, the indictment might be held sufficient.

*State v. Pierre*, 39 La. Ann., indexed as page 915, 3 South. Rep. 60, is cited. Because of an error in indexing we have been unable to find the case. The index states the point decided as follows: "An immaterial and impossible date in an indictment may be cor-

rected at any time, particularly when the date is not of the essence of the offense charged. The statement of the date upon which an offense was committed is not an immaterial statement. The date is material, not only as information to the accused, but to show that the crime was committed prior to the finding of the indictment, and within the statute of limitations. *State v. Dominique*, 39 La. Ann. 324, 1 South. Rep. 665, also cited, is not applicable. In that case an amendment of an information for larceny was allowed under the statute as to the given name of the owner of the stolen property. In *Myers v. Commonwealth*, 79 Pa. St. 308, referred to, an indictment was returned in December, 1874, charging the crime to have been committed on the eleventh day of October, 1874. Under the statutes of that state the indictment was amended so as to read the eleventh day of November. The case is not in point, for the reasons that the date alleged was not an impossible date, and that we have no such statute. No indictment is sufficient that does not state the time at or about which the offense was committed, and, if it states an impossible time, it fails to charge an offense. We are in no doubt but that the first indictment was insufficient. The power of the court to set aside the indictment if insufficient, and to re-submit the case to the grand jury, is not questioned.

II. The appellant's next complaint is of the manner in which the grand jury was selected that found and returned the second indictment. Section 4256 of the Code, after providing how the grand jury shall be selected from those summoned and appearing, and that those not selected "shall be discharged for the term," provides as follows: "If from any cause, either then or afterwards, the number of the panel be reduced to a less number than required, the court may order the sheriff of the county to summon a sufficient number of quali-

2. GRAND jury: power to fill with talesmen.

fied persons to complete the panel.'' Because of the appellant's challenges, the number of the panel was reduced to a less number than required. Those summoned, but not selected, at the first organization of the panel, could not be called, for they had been ''discharged for the term.'' It is to provide for just such a contingency as arose in this case that authority is given to summon a sufficient number of qualified persons to complete the panel. That is just what was done in this case, and the grand jury so called was selected as authorized by law.

III. The appellant's next contention is that the court erred in sustaining the demurrer to his plea of 8. Criminal law: former jeopardy and acquittal, because once in jeopardy: when of the proceedings had upon the first jeopardy begins: former indictment. ''In general, it may be said acquittal. that jeopardy begins when a trial jury, upon a sufficient indictment in a court of competent jurisdiction, has been impaneled and sworn to try the case.'' *State v. Redman*, 17 Iowa, 329; 11 Am. and Eng. Encyclopedia Law, 930. The indictment not being sufficient, jeopardy did not begin with the impaneling of that jury. There was no trial or verdict, the case having been legally taken from the jury; and therefore no acquittal. The demurrer was properly sustained.

The appellant's final contention is that upon the whole record no legal judgment could be pronounced. The only reasons indicated are those already considered. Entertaining the views we have expressed, we think the judgment of the district court is fully authorized by law, and it is, therefore, AFFIRMED.

KINNE, J., took no part.