# TERRELL *v.* THE STATE.

[No. 20,474.   Filed November 2, 1905.]

1. INDICTMENT AND INFORMATION.—*Time.*—*Statute of Limitations.*—The time of the commission of an offense must be charged as being prior to the return of the indictment, and must not be so long prior as to show that the crime charged is barred by the statute of limitations.   p. 445.

2. APPEAL AND ERROR.—*Indictment and Information.*—*Dates.*—*Transcript.*—The date in the transcript of an indictment on appeal imports absolute verity, and the court can not resort to the original indictment for the purpose of contradicting such date.   p. 446.

3. INDICTMENT AND INFORMATION.—*Impossible Date.*—*Motion to Quash.*—An indictment charging that defendant committed murder "on the 12th day of July, in the year 18903" is bad on a motion to quash.   p. 447.

4. INDICTMENT AND INFORMATION.—*Imperfect Date.—Statutes.—* An indictment charging that defendant committed murder "on the 12th day of July, in the year 18903," does not state the time "imperfectly" so as to fall within §1825 Burns 1901, §1756 R. S. 1881, providing against quashal because of an imperfect statement of the time.　p. 451.

5. APPEAL AND ERROR.—*Homicide.—Insanity.—Sentence.—Statutes.—Moot Question.*—Error of the trial court in pronouncing sentence upon an alleged insane defendant in a prosecution for murder is rendered a moot question by virtue of the passage of the act of 1905 (Acts 1905, p. 174), which provides the method of procedure under the circumstances, a new trial being ordered on other grounds.　p. 452.

From Wells Circuit Court; *J. M. Smith,* Special Judge.

Prosecution by the State of Indiana against John W. Terrell for murder. From a judgment of conviction, defendant appeals. *Reversed.*

*A. L. Sharpe, Charles E. Sturgis, Robert W. Stine, Charles H. De Lacour, Ralph S. Gregory* and *Robert Landfair,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

JORDAN, J.—On the 12th day of September, 1903, a grand jury of the Wells Circuit Court returned an indictment against appellant, John W. Terrell, charging him with the crime of murder in the first degree. He unsuccessfully moved to quash the indictment, and then entered a plea of not guilty, and also filed a special answer, wherein he averred that at the time the alleged offense was committed he was a person of unsound mind. The State's reply to the special answer was a general denial. The case was tried by a jury, and a verdict returned convicting him of murder in the first degree, and assessing his punishment at imprisonment in the state prison during life. Upon this verdict the court, over appellant's motion for a new trial, pronounced judgment.

The errors assigned and relied upon for a reversal are: (1) Overruling the motion of appellant to quash the indictment; (2) denying his motion in arrest of judgment; (3)

overruling the motion for a new trial; (4) error of the trial court in pronouncing judgment on the verdict, for the reason that at the time of the rendition of the judgment appellant was a person of unsound mind, incapable of understanding and comprehending what was being done; and (5) error of the court in refusing to permit appellant to file a supplemental motion for a new trial.

The indictment in this case consists of one count, and it is therein alleged that John W. Terrell, on the 12th day of July, in the year 18903, at the county of Wells and State of Indiana, then and there unlawfully, feloniously, etc., did kill and murder Melvin Wolfe by shooting, etc. Appellant's counsel contend that the court erred in overruling the motion to quash, for the reason that it is apparent on the face of the pleading that the commission of the alleged offense was on an impossible date, or, in other words, for the reason that it is disclosed upon the face of the indictment that the crime was committed after the return of the indictment, and therefore the latter is fatally defective on a motion to quash.

The general rule applicable to criminal procedure is that the time of the alleged commission of an offense, as stated in the indictment or information, must not be shown on

1. the face of such pleading to be subsequent to the return of the indictment or the filing of the information, but must appear to be anterior or prior thereto. If the time of the commission of the crime is disclosed to antecede the return of the indictment, then the time stated must not appear to be so long prior to the return as to bring the case beyond the statute of limitations, provided it is one to which the latter statute applies. The general rule above asserted is one well settled by our own decisions and other authorities, except so far as it can be said to be abrogated by statute. See *State* v. *Noland* (1867), 29 Ind. 212; *State* v. *Windell* (1878), 60 Ind. 300; *Hutchinson* v. *State* (1878), 62 Ind. 556; *Murphy* v. *State* (1886), 106 Ind.

96, 55 Am. Rep. 722; *Trout* v. *State* (1886), 107 Ind. 578; Gillett, Crim. Law (2d ed.), §131. See, also, *Commonwealth* v. *Doyle* (1872), 110 Mass. 103; *State* v. *Sexton* (1824), 10 N. C. 184, 14 Am. Dec. 584; *State* v. *O'Donnell* (1889), 81 Me. 271, 17 Atl. 66; *Markley* v. *State* (1847), 10 Mo. 291; *State* v. *Smith* (1893), 88 Iowa 178, 55 N. W. 198; *McJunkins* v. *State* (1897), 37 Tex. Crim. 117, 38 S. W. 994; *Dickson* v. *State* (1884), 20 Fla. 800; *Serpentine* v. *State* (1835), 1 How. (Miss.) 256; Wharton, Crim. Law (7th ed.), §274; Wharton, Homicide (2d ed.), §788; 1 Chitty, Crim. Law, *225.

The Attorney-General, in his answer to the contention of appellant's counsel in respect to the insufficiency of the indictment in controversy, says: (1) "The court will observe that the copy of the indictment in the record shows the figures 8 and 9 without any space between them. To get at the real cause of this alleged error it is necessary to examine the original indictment where the trouble concerning the statement of the date will readily be observed." (2) It may be said that the statement of time is so far imperfect as to fall within the provisions of §1825 Burns 1901, §1756 R. S. 1881, which provides: "No indictment or information shall be deemed invalid, nor shall the same be set aside or quashed * * * for any of the following defects. * * * Eighth. For omitting to state the time at which the offense was committed in any case in which time is not the essence of the offense; nor for stating the time imperfectly, unless time is of the essence of the offense." It must be held that the copy of the indictment as it appears in the record imports absolute verity, and we can not resort to anything *dehors* the record for the purpose of contradicting it. In *Buckner* v. *State* (1877), 56 Ind. 210, the record stated that the grand jury had returned into court an "indictment burned." This court in that case, in considering the question in respect to the truth of the record, said: "The record of this cause, filed in this

court, imports to us 'absolute verity,' and from this record we are bound to conclude, that, at the time of the trial of this case, nothing but ashes remained of the indictment against the appellant, in the court below."

It is a well-settled rule of appellate procedure that all questions presented in the appeal must be tried and determined by the record as certified to the appellate tribunal. This rule is one universally affirmed and enforced by our decisions. Whether the statement of the time in question is a mistake which occurred in drafting the indictment, or was made by transcribing it, is, under the circumstances, not a material factor, so far as it can be said to exert any influence over the point as presented upon the face of the indictment. If the copy of the indictment in the record did not correspond to the original, the State should have secured a correction through the means of a *certiorari*. An examination and quotation from some of the authorities above cited will fully serve to sustain the conclusion at which we have arrived upon the question involved.

In *State* v. *Noland, supra,* the offense was charged to have been committed some nine months after the indictment was found. The court held that under the circumstances the indictment was bad. Judge Frazer, in a separate opinion in that case, said: "I was first inclined to hold that this was merely a repugnant allegation, and therefore not affecting the sufficiency of the pleading, but, on reflection, I am not able to adopt that conclusion. No other time is alleged elsewhere, and this can not therefore be rejected. It follows that the indictment charges what is impossible, and can not therefore legally be regarded as charging anything whatever."

*State* v. *Windell, supra,* was an accusation for betting on the result of an election. The indictment alleged that the defendant on the 14th day of September, 1876, did unlawfully win $5 of and from the person named, by unlawfully betting on the result of an election then and there held on

the 7th day of November, 1876. The court held the indictment bad because it disclosed that the money was won on September 14, 1876, by betting on the result of an election which did not actually take place until nearly two months thereafter. The court in its opinion affirmed that under the circumstances "Where the time laid [in an indictment] is an impossible time, or is beyond the statute of limitations, or at a time when the offense was not punishable by statute, the indictment is bad."

In *Murphy* v. *State, supra,* the indictment charged that the defendant, an unlicensed retailer of intoxicating liquors, at the county of Owen, State of Indiana, "on the 16th day of August, 18184, * * * did then and there unlawfully sell * * * one gill of whiskey." The contention in that appeal was that the trial court erred in overruling the motion to quash, for the reason that the indictment was fatally defective in alleging that the offense was committed at a time subsequent to the return. In this contention the court concurred. The State in that case insisted that inasmuch as §1825 Burns 1901, §1756 R. S. 1881, provides that no indictment shall be quashed or set aside for omitting to state the time at which the alleged offense was committed, or for stating the time imperfectly, therefore the fixing of an impossible date is no longer a cause for quashing an indictment; citing *State* v. *Sammons* (1884), 95 Ind. 22. This contention the court denied; affirming, in the course of its opinion, that there was nothing in *State* v. *Sammons, supra,* either changing or intimating a change in the rule which declares that the fixing of an impossible date vitiates an indictment. The court further affirmed that the above section of the criminal code of 1881 did not work any change in the rule in controversy. The court also declared in the case of *Murphy* v. *State, supra,* that in *State* v. *Sammons, supra,* it was inferable "that an indictment is bad which either distinctly states an impossible date or fixes the date of the offense at a time beyond that limited by the statute of limi-

tations. * * * As has been seen, §1756 R. S. 1881, the only section bearing directly on the subject, only renders immaterial the omission to state any time, and an imperfect statement of time, and hence only to that extent changes the common-law rule."

*Murphy* v. *State* (1886), 106 Ind. 96, is certainly influential and controlling upon the question as presented in the case at bar. That decision was followed and adhered to in *Murphy* v. *State* (1886), 107 Ind. 598, 600.

In *Trout* v. *State* (1886), 107 Ind. 578, the prosecution was based on affidavit and information. The latter pleading was filed on the 16th day of January, 1886, and alleged that the offense in question was committed on the 21st day of October, 1886. The court in that case said that if appellant had moved to quash the information, it would have been error, under our decisions, to overrule such motion. Citing *Murphy* v. *State* (1886), 106 Ind. 96, and *Dyer* v. *State* (1882), 85 Ind. 525. In this latter case the prosecution was also by affidavit and information. The affidavit charged that the crime of which the defendant was convicted was committed on December 24, 1881, while the information alleged that it was committed on January 24, 1881. The court held that the motion to quash should have been sustained. Elliott, J., speaking for the court in that appeal, said: "Informations must be supported by an affidavit and must charge the same offense as that described in the affidavit. An information charging a distinct and different offense from that stated in the affidavit can not be upheld. It is difficult, if not impossible, to discover any ground upon which it can be held that an offense committed in January is the same as one committed in the following December. It would be a wide stretch of construction which would declare a misdemeanor perpetrated in December to be the same as one committed in the preceding January. The offense described in the information was committed, taking as true, as it is our duty to do, the statements of the information,

eleven months prior to the one described in the affidavit. We are unable to perceive any reason which will justify us in treating the two offenses as one. The question is not, however, barren of authority." Citing authorities.

In *State* v. *Patterson* (1888), 116 Ind. 45, the decision in the case of *Murphy* v. *State* (1886), 106 Ind. 96, 55 Am. Rep. 722, was cited in support of the point that an impossible date is fatal to an indictment.

In *Commonwealth* v. *Doyle* (1872), 110 Mass. 103, the court held that a complaint which charges a crime to have been committed on a future day alleges no offense and is properly quashed.

In *State* v. *Smith* (1893), 88 Iowa 178, 55 N. W. 198, the defendant was charged with obtaining money by means of false pretenses. The indictment was found in February, 1891, and alleged that the crime in question was committed on the 17th day of December, 1891. The accused was put upon trial on this indictment before a jury. At the close of the state's evidence he unsuccessfully moved for an acquittal, on the ground that the indictment charged the offense to have been committed at an impossible date; it being apparent, however, upon the face of the indictment that the commission of the alleged offense was fixed at a date subsequent to the return of the indictment. The court, on its own motion, discharged the jury, and resubmitted the cause to another grand jury, which, on March 3, 1891, found an indictment against the defendant for the same offense, alleging the commission thereof on the 17th day of December, 1890. To this latter indictment the accused pleaded once in jeopardy on the same charge and former acquittal thereof. A demurrer to his plea was sustained, and upon the issue of not guilty he was convicted, and judgment rendered against him. This judgment on appeal was affirmed. The court held that the indictment in the former case was not sufficient, because it laid the commission of the offense on a future day. The court further held that the indict-

ment being insufficient, the defendant, in contemplation of law, had not been placed in jeopardy at the trial had thereon. The court in its opinion affirmed that where an indictment "states an impossible time it fails to charge an offense."

The proposition with which we have to deal in this appeal is one relating to pleading; hence we can not indulge in presumptions where there is nothing in the pleading legitimately to sustain them. The indictment in the case at bar fixes a specific date, one not anterior to but subsequent to its return. Certainly, under the circumstances, the court would not be warranted in presuming that the commission of the offense was at some time prior to the finding of the indictment. A precise time upon which the crime in question was committed is stated; no other is alleged or given. A motion to quash an indictment is recognized as the proper procedure to raise an issue of law on material facts therein alleged. On appellant's motion to quash, it is, for the purpose of the motion, conceded or admitted by both parties to the cause that the time at which the offense is charged to have been committed is correctly stated. *Murphy* v. *State* (1886), 106 Ind. 96, 55 Am. Rep. 722; Gillett, Crim. Law (2d ed.), §§131, 767.

It would be a great stretch of construction to hold upon the face of the indictment in this case on the motion to quash that the offense in controversy must be treated or considered as though it was one charged to have been committed at a time anterior or antecedent to the finding of the indictment against appellant.

The interpretation placed upon §1825 Burns 1901, §1756 R. S. 1881, by this court in *Murphy* v. *State, supra,* is sufficient to show that the second contention of counsel

4. for the State, to the effect that the statement of the time of the commission of the offense is so imperfect as to bring the indictment within the scope of the above section, is not tenable. We may assume that had the legislature intended to cure a statement of an impossible time in

an indictment or information it would have declared its purpose in this respect in express and positive language.    In considering the meaning of this section of our criminal code, Gillett, Crim. Law (2d ed.), §131, says:    "It is evident that it does not have any application except where no time is stated, or where the statement of time is so imperfect as not to amount to any statement at all.    As a consequence, if a time is laid beyond the period of limitation the indictment is vulnerable on a motion to quash; for the court, in looking at the indictment to determine its sufficiency, will, in all cases, assume the time stated therein to be the true time."    Accepting, as we must under the authorities cited herein, the time upon which the offense in question is alleged to have been committed as the true or correct time, therefore the only reasonable inference to be deducted is that the offense was not committed, and the indictment should have been quashed under the second clause of §1828 Burns 1901, §1759 R. S. 1881, on the ground that the facts as therein stated do not constitute a public offense.

We do not consider the alleged error of the court in rendering judgment against appellant at a time when, as it is asserted, he was a person of unsound mind, because 5.    as the judgment must be reversed that proposition has become a moot question by reason of the statute of 1905, which provides what the procedure shall be under such circumstances.    See Acts 1905, p. 174, §1936a Burns 1905.

It follows, for the reasons stated, that the court erred in overruling appellant's motion to quash the indictment.    The judgment is therefore reversed, and the cause remanded to the lower court, with instructions to quash the indictment.