STATE, Respondent, v. PAPERNAK, Appellant.

(181 N. W. 955.)

(File No. 4775.   Opinion filed March 21, 1921.)

1. **Criminal Law—Information, Date of Offense—Allegation of Future Date, Failure to Demur, or Raise Point on Trial or in Arrest of Judgment—Statutes.**

Under Sec. 4725, Code 1919, providing that the information is sufficient if it can be understood therefrom: (5) that the offense was committed prior to the time of filing the information, held, that if an information alleging commission of larceny on a date in October following a date in May on which information was filed, was not in substantial compliance with the statute, yet the defect appeared upon its face and was waived by failure to demur because thereof (Sec. 4779, Code 1919,) or (upon trial under plea of "not guilty") to raise the question of such defect, or to raise same by motion in arrest of judgment (Sec. 4779, Code 1919.)

2. **Witnesses—Criminal Prosecution, Names Endorsed on Information, Showing of State's Witness' Absence by Another's Testimony, Non-Error as Showing Presumptive Evidence Were Witness Present.**

To elicit testimony from a state's witness in a criminal prosecution, showing absence from court of another witness whose name was endorsed upon the information, was not prejudicial as tending to impress upon jury that said witness if present would have been able to testify to material matters; the purpose being simply to show why witness was not present; without which showing jury, knowing his name was endorsed thereon, might have drawn wrong inferences from fact of his absence.

3. **Evidence—Prosecution For Larceny—Railway Agent's Testimony Based on Stubs, Re Non-sale of Tickets on Alleged Date, Whether Admissible.**

In a criminal prosecution for larceny, defendant had testified that on a certain date he purchased a ticket over a railway line from F to M. **Held,** competent for the railway ticket agent to testify that sold tickets were numbered numerically, were torn from stubs in a particular way and could be torn in no other way, that he had only that form of tickets for M, that his custom each morning was to record previous day's sales, which records were made from the stubs; on which record he based testimony that no ticket from F to M was sold at his office on that date; no objection being made that record was best evidence.

**4. Evidence—Criminal Prosecution—Circumstantial Evidence Tending to Support Verdict—Sufficiency—Jury's Province.**

Where, in a criminal prosecution, evidence, circumstantial in nature, tended to support the jury's verdict, it did, as it reasonably might, satisfy their minds; and under these facts it is not court's province to overturn jury's action.

McCoy, J., dissenting.

Appeal from Circuit Court, Faulk County. Hon. Joseph H. Bottum, Judge.

The defendant, Michael Papernak, was convicted of the crime of grand larceny, and he appeals. Affirmed.

*F. E. Snider,* for Appellant.

*Byron S. Payne,* Attorney General, and *Vernon R. Sickel,* Assistant Attorney General, for Respondent.

(1) To point one of the opinion, Respondent cited: State v. Fullerton Lumber Co., 152 N. W. (S. D.) 708; State v. Sysinger, 125 N. W. (S. D.) 879.

(2) To point two, Respondent cited: People v. Clark, 39 Pac. (Cal.) 53; Com. v. Spencer, Ann. Cas. 1913, D. 552; 16 C. J. 572.

WHITING, J. Defendant was convicted of grand larceny. He appeals from the judgment and also from an order denying him a new trial.

[1] The information was worded in the past tense, and yet, through an error clearly clerical, it alleged that the crime was committed in October, 1920, while the information itself was filed in May, 1920. Neither by demurrer, objection to evidence proving the date of the offense, nor by motion in arrest of judgment, was this clerical error called to the attention of the trial court. In fact, the record shows that the variance between the date in the

information and the date fixed by the proof was not called to the attention of the trial court until after judgment and upon the motion for a new trial. Yet, upon appeal, it is contended that, because of this statement of an impossible date, the information does not state facts sufficient to constitute a public offense.

Section 4725, R. C. 1919, provides that—

The "information is sufficient if it can be understood therefrom; * * * (5) That the offense was committed prior to the time of filing the * * * information."

This information being drawn in the past tense and the date alleged for the commission of the offense being an impossible date, it is urged that it does appear therefrom that the offense was committed prior to the time of filing same, and is therefore not open to attack because of what is apparently a clerical error. The courts, even in those states having statutes similar to section 4725, supra, are not in harmony upon this question. We do not find it necessary to express any opinion thereon because of the fact that appellant has not complied with our statutes in questioning the sufficiency of this information. If this information does not substantially comply with the above requirement of section 4725, such defect appears upon its fact and was waived by failure to demur because thereof. Section 4779, R. C. 1919. If such information does not describe a public offense, such defect appears upon its face and was waived by failure to demur or (upon the trial under the plea of "not guilty") to raise the question of such defect, or to raise same by motion in arrest of judgment. Section 4779, supra.

[2] Appellant assigns as error the asking of one of the state's witnesses certain questions seeking to elicit an explanation of why a certain witness, whose name was indorsed upon the information, did not appear at the trial. Appellant urges that the persistent questioning by the state's attorney was prejudicial to the defendant in that it tended to impress upon the jury the conclusion that this witness, if present, would have been able to have testified to matters of material importance to the state. We are unable to find anything to support such contention. The state was simply offering to show, in a perfectly proper manner, why this witness was not present. Without such showing the jury, knowing that such witness' name was indorsed on the back of the information,

3—Vol. 44, S. D.

might have drawn wrong inferences from the fact of his absence.

[3] Defendant testified that, upon a certain date, he had purchased a ticket over a certain line of railway from Faulkton to Minneapolis. The agent of the railway company was called in rebuttal. He testified that tickets sold at his office were numbered in numerical order; that the tickets were torn from stubs; that a ticket would be torn in a particular way and could not be torn in any other way; that he had only the one form of tickets for Minneapolis; and that it was his custom each morning to make a record of the sales of the previous day, which records were made from these stubs. It was this record, made by himself, upon which he based his testimony to the effect that no ticket from Faulkton to Minneapolis was sold at his office on the date named by defendant. Defendant has not cited and certainly could not cite any authority holding that such witness could not base his evidence on such record. No objection was made that the record was the best evidence.

[4] Appellant also contends that the evidence was wholly insufficient to justify the verdict. There was evidence, circumstantial in its nature, which tended to support the conclusion arrived at by the jury. Such evidence did, as it might reasonably, satisfy the minds of the jurors. Under these facts, it is not our province to overturn the action of the jury.

The judgment and order appealed from are affirmed.

McCOY, J. (dissenting.) I am unable to concur in the majority opinion. I am of the view that the judgment should be reversed on the ground that the information was not sufficient to sustain a conviction. The information was filed in May, 1920, alleging that the crime was committed in October, 1920, being an impossible date, subsequent to the filing of the information. This is not a case of uncertainty as to the time when the offense is alleged to have been committed, but the information "specifically" and "expressly" states that the offense was committed in October, 1920. I am of the view that under the statute of this state the allegation of the information stating the time of the offense to have been committed in October, 1920, cannot be treated as a clerical error, or other informality or defect in form. 14 R. C. L. 179, and Morgan v. State, 51 Fla. 76, 40 South 828, 7 Ann.

Cas. 773. Section 4721 of our Code of Criminal Procedure, Code 1919, reads as follows:

"The precise time at which the offense was committed need not be stated in the indictment or information, but it may be alleged to have been committed at any time before the filing thereof, except when the time is a material ingredient of the offense."

It is perfectly clear that our statute requires the allegation of time as to the commission of an offense to be alleged as of a time before the filing of the information. In other words, time is a material and necessary allegation of an indictment or information. Our statute by express legislation enacts as the statute law of this state the familiar common-law rule stated in State v. Sexton, 10 N. C. 184, 14 Am. Dec. 584, and which reads as follows:

"It is a familiar rule that the indictment should state that the defendant committed the offense on a specific day and year, but it is unnecessary to prove, in any case, the precise day or year, except where the time enters into the nature of the offense."

In jurisdictions where this rule as to the allegation of time in an information or indictment prevails, it is most uniformly held that an indictment which lays the offense to have been committed on an impossible day, or on a future day, that the objection is fatal and to the same effect as if no time or no offense at all had been stated. State v. Sexton, supra; Murphy v. State, 106 Ind. 96, 5 N. E. 767, 55 Am. Rep. 722; Id., 107 Ind. 598, 8 N. E. 158; Id., 107 Ind. 600, 8 N. E. 176; State v. O'Donnell, 81 Me. 271, 17 Atl. 66; State v. Smith, 88 Iowa, 178, 55 N. W. 198; 1 Bish. Crim. Law, § 403, subd. 2; 22 Cyc. 318; 14 R. C. L. 179. The case of people v. Moody, 69 Cal. 184, 10 Pac. 392, in principle is precisely the same as the case before us. In that case, among other things, the court said:

"The information was filed June 18, 1885, and accused the defendants of the commission of a crime on the 20th of July, 1885, *a day subsequent to the filing.* The defendants were arraigned and pleaded not guilty. After a jury was impaneled the district attorney moved for leave to amend the information by charging the offense to have been committed July 20, 1884, a day *before* the filing of the information. Leave to amend was granted, and after the amendment the trial proceeded, without an

arraignment and plea to the information as amended. Without passing on the power of the court to permit an amendment to an information, it is sufficient to say; the information as filed stated no offense for the commission of which the defendants could be tried, in that the day of the alleged commission of the offense was a day after the accusation was made, therefore no offense was charged. The information, when amended, charged an offense, and this information so amended could have been treated as an original information then for the first time presented. On this information the defendant should have been arraigned and called on to plead. This omission was error; no issue was joined as to any possible crime."

The statute of California as to the requirement of an allegation of the time in an information or indictment is substantially the same as the statute of this state. The case of State v. Lich, 33 Vt. 67, is very instructive and pertinent on this proposition, wherein the court deplored the fact that there was no statute in that state authorizing the court to depart from the well-settled common-law rule in regard to alleging time in an indictment. I am aware of the fact that in many jurisdictions there are statutes which provide that it shall not constitute an objection to an indictment or information because of its stating the offense to have been committed on a subsequent or impossible date. State v. Burnett, 81 Mo. 119. We have no such statute, but on the contrary have a statute which expressly requires an information or indictment to state the time as of a time before the filing thereof. The most recent decisions fully sustain the rule of the older cases that an information alleging an impossible or subsequent date for the commission of the offense is fatal and amounts to the allegation of no date and of no offense at all, under the rule such as prevails in this state. Terrell v. State, 165 Ind. 443, 75 N. E. 884, 2 L. R. A. (N. S.) 251, 112 Am. St. Rep. 244, 6 Ann. Cas. 851, and note; McKay v. State, 90 Neb. 63, 132 N. W. 741, 39 L. R. A. (N. S.) 714, Ann. Cas. 1913B, 1034, and note; Id., 91 Neb. 281, 135 N. W. 1024, 39 L. R. A. (N. S.) 714, Ann. Cas. 1913B, 1034, and note. If, as held by the California Supreme Court the Supreme Court of Iowa, in State v. Smith, 88 Iowa, 178, 55 N. W. 198, and many other cases, that the information stating a subsequent date alleges no offense for which the defend-

ant can be tried and under which no arraignment or joining of
issue could be made, the defendant in this case most certainly has
been deprived of a constitutional right existing for his benefit.
The information in this case expressly specifies the exact date on
which the offense is alleged to have been committed, and which
so stated was an impossible or subsequent date which amounted
to the statement of no date at all. This is not like a case where
the information alleged the offense to have been committed as of
the same date of the filing thereof. In that class of cases the
use of "past tense verbs" aid in the construction and ascertain-
ment of the intent of the pleader as to whether or not a time was
intended to be stated as before or after the filing of the informa-
tion. The decisions in relation to that proposition are collected
and are to be found in the note on page 855, 6 Ann. Cas. Deci-
sion in that class of cases are not applicable to the proposition
involved in this case. The pleader in this case specifically desig-
nated the date which cannot be varied by any sort of "past tense
verbs" construction. In the case of State v. Smith, supra, the
Supreme Court of Iowa, after citing many authorities, applied
the supreme test as to the sufficiency of an information when it
held that a trial under such an information as the one here in-
volved could not be interposed as "former jeopardy" on a trial
under a new information.

    In view of the fact that it is held, in all jurisdictions where
the common-law rule as to the sufficiency of the allegation of
time in an indictment exists, as it does in this case, such an in-
formation or indictment, as is here involved, states no offense
upon which a defendant can be arraigned or required to plead,
the effect of the majority opinion is that a defendant himself must
do those things by way of making objections which would lead
to and give legal vitality to such an information. It is impossible
for me to believe that such a defendant can be so required to in-
dict, or inform against, himself. It is one of the fundamental
and constitutional rights of every defendant that the state prose-
cution shall file an information or indictment against him which
states a public offense. It is true such a defendant may demur to
such an information, or he may move in arrest of judgment after
trial; but there is no law requiring him to do so as to an informa-
tion that states no offense. He may be required to take such a

course as to an information that was indefinite and uncertain, but which nevertheless might still be held to state an offense. It is a well-established rule, as old as criminal law itself, that, where an indictment fails to state an offense, the question may be raised for the first time on appeal in the appellate court. Careful conscientious study of the authorities cited can lead to no other conclusion.