## SHONFIELD v. STATE OF INDIANA.

[No. 24,924. Filed October 16, 1925.]

INDICTMENT.—*Affidavit charging commission of crime at future date insufficient and motion to quash should be sustained.*— An affidavit charging that a crime was committed at a future date is insufficient, and a motion to quash on that ground should be sustained.

From Delaware Circuit Court; *Clarence W. Dearth*, Judge.

Rudolph Shonfield was convicted of rape, and he appeals. *Reversed.*

*A. E. Needham*, for appellant..

*Arthur L. Gilliom*, Attorney-General and *George M. Barnard*, for the State.

GEMMILL, J.—The appellant was charged by affidavit with the crime of rape upon a female child under the age of consent. He was tried by jury and convicted of assault and battery. Judgment of fine and imprisonment was rendered on the verdict. He has appealed from said judgment.

One of the errors assigned is that the court erred in overruling the motion of appellant to quash the affidavit. The affidavit was filed on June 25, 1924, and it alleges that the crime therein charged was committed on or about October 1, 1924. The state, by the attorney general, has filed a confession of error herein, part of which is as follows: "The court erred in overruling appellant's motion to quash the affidavit for it appears upon the face thereof that the date laid upon which the offense was alleged to have been committed was subsequent to the date of filing the affidavit." If a future date is given in an indictment or affidavit, same is insufficient. *State* v. *Noland* (1867), 29 Ind. 212; *Hutchinson* v. *State* (1878), 62 Ind. 556; *Murphy* v. *State* (1886), 106 Ind. 96, 5 N. E. 767, 55 Am. Rep. 722; *State* v. *Patterson* (1887), 116 Ind. 45, 18 N. E. 270; *Terrell* v. *State* (1905), 165 Ind. 443, 75 N. E. 884, 2 L. R. A. (N. S.) 251, 112 Am. St. 244, 6 Ann. Cas. 851; *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117; Ewbank, Indiana Criminal Law §285.

The judgment is reversed, with directions to sustain appellant's motion to quash the affidavit.