## GOULSON v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 9, 1926.)

No. 4686.

**1. Indictment and information ⬚202(1)— Conviction must be set aside, if defect in indictment is one of substance.**

If defect in indictment is one of substance, it is duty of court to set aside judgment of conviction.

**2. Indictment and information ⬚87(3)—Indictment fixing date of offense as subsequent to indictment, with no showing that act was committed prior thereto, charges no offense.**

Indictment which fixes date of offense as subsequent to filing of charge, nothing appearing to show that allegation was clerical error, and in fact that act was committed prior thereto, charges no offense and is ineffective as foundation for conviction.

**3. Indictment and information ⬚71—Requiring preciseness of statements in indictments is to inform accused of offense and enable him to prepare defense.**

Purpose of requiring preciseness of statements in indictments is to inform accused of offense of which he is charged, and thus enable him to prepare defense.

**4. Indictment and information ⬚196(5)—Indictment alleging date subsequent to indictment, but using past tense, held not vitally defective as against objection to evidence (Rev. St. § 1025 [Comp. St. § 1691]).**

Under Rev. St. § 1025 (Comp. St. § 1691), providing indictment, shall not be deemed insufficient for defect or imperfections not tending to prejudice defendant, indictment charging unlawful impersonation in transfer of bond subsequent to date of indictment, but referring in detail to acts in reference thereto in past tense, *held* not so vitally defective that question could be raised by objection to evidence, when not tested by demurrer or motion to quash.

**5. Criminal law ⬚196—Judgment under indictment alleging offense of subsequent date is bar to another prosecution, where subject-matter of offense was described with particularity.**

Judgment under indictment alleging offense as of subsequent date is bar to another prosecution, where subject-matter was particularly described therein, so as to enable identification thereof in any prosecution for same acts.

In Error to the District Court of the United States for the Eastern District of Michigan; Zenophen Hicks, Judge.

A. L. Goulson was convicted of falsely impersonating another, and he brings error. Affirmed.

Lester P. Dodd, of Detroit, Mich. (Stewart Hanley, of Detroit, Mich., on the brief), for plaintiff in error.

John A. Baxter, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, of Detroit, Mich., on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and HOUGH, District Judge.

MOORMAN, Circuit Judge. This indictment was filed May 29, 1925. It charged defendant with falsely impersonating another, the true and lawful holder and owner of a government bond, alleging that the offense was committed "heretofore, to wit, on the 13th day of June in the year of our Lord one thousand nine hundred and twenty-five." This was followed by the words "did unlawfully," etc., which, with the words "heretofore, to wit," and other statements, clearly show that the acts complained of were committed prior to the filing of the indictment, and that the date June 13, 1925, was a clerical error. The question is whether this obvious error in stating the date contradictorily to other allegations incurably invalidated the indictment, or whether, though available to defendant on proper motion, it was cured by verdict.

[1, 2] If the defect was one of substance, it is the duty of the court to set aside the judgment. Shilter v. United States (C. C. A.) 257 F. 724; United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135; United States v. Hess, 124 U. S. 483, 8 S. Ct. 571, 31 L. Ed. 516. An indictment which fixes the date of the act complained of as subsequent to the filing of the charge—nothing appearing to show that the allegation is a clerical error, and that the act was committed prior thereto—charges no offense. Terrell v. Indiana, 165 Ind. 443, 75 N. E. 884, 2 L. R. A. (N. S.) 251, 112 Am. St. Rep. 244, 6 Ann. Cas. 851; McKay v. Nebraska, 90 Neb. 63, 132 N. W. 741, 39 L. R. A. (N. S.) 714, Ann. Cas. 1913B, 1034; Commonwealth v. Doyle, 110 Mass. 103. But it has been held that inaccuracies and defects in form, not affecting the substantial rights of the accused, are waived by failure to call them to the attention of the court below by proper motion. Ledbetter v. United States, 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162; Gray v. United States (C. C. A.) 9 F.(2d) 337.

[3] Section 1025 of Revised Statutes (Comp. St. § 1691) provides that no indictment shall be deemed insufficient "by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." This was said in Dunbar v. United States, 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390, to be applicable to elements of the offense "stated loosely and without technical accuracy." The reason for requir-

ing preciseness of statement in indictments arises from the right of the accused to be informed of the offense with which he is charged, so that he may prepare his defense. Packing Company v. United States, 209 U. S. 56, 28 S. Ct. 428, 52 L. Ed. 681.

[4, 5] Defendant was charged with unlawfully impersonating another in the transfer of a $100 bond, registry No. 447,529. He was advised in detail of the charge, his acts with reference thereto being set out in the past tense. Necessarily he knew that the date mentioned as that on which the transfer was made was a clerical error. He did not test the sufficiency of the indictment by demurrer or motion to quash, nor did he move in arrest of judgment. The defect was not, we think, so vital that the question could be raised by objection to the evidence. United States v. Gooding, 12 Wheat. 460, 6 L. Ed. 693; McKnight v. United States (C. C. A.) 252 F. 687.

Limitation was not involved. Time was not of the essence of the offense, if it was committed prior to the return of the indictment, which was alleged, though by inadvertence a subsequent date was stated. The offending act was proved, and defendant testified with reference to it. He was not misled or prejudiced by the erroneous statement of date; and it should not, we think, be permitted to destroy other allegations showing that the offense was committed before the indictment was returned. Nor does it make the judgment herein unavailable as a bar to another prosecution, since the particularity with which the offense was charged, with the description of the bond and such parol evidence as would be admissible, would complete the identity of the subject-matter of this proceeding with any future prosecution for the same acts. Bartell v. United States, 227 U. S. 427, 33 S. Ct. 383, 57 L. Ed. 583.

The instructions requested by defendant were properly refused. They were either covered by the charge or unauthorized under the proof.

Judgment affirmed.